Grovene James **FINLEY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16429.

United States Court of Appeals Fifth Circuit.

June 19, 1957.

J. Walter Owens, Jr., Columbus, Ga., Ray & Owens, Columbus, Ga., for appellant.

Robert B. Thompson, Asst. U. S. Atty., Macon, Ga., Frank O. Evans, U. S. Atty., Macon, Ga., for the United States.

Before BORAH, RIVES and BROWN, Circuit Judges.

PER CURIAM.

Appellant appeals from his conviction of possessing and transporting nontax-paid distilled spirits, 26 U.S.C.A. §§ 5008(b) (1), 5642.

The action of the trial judge in sustaining a prosecution objection to a question calling for an obviously hearsay answer was eminently proper in view of appellant's inability to present any acceptable theory under which the answer would have been admissible. Horne v. United States, 5 Cir., 246 F.2d 83. Actually, the particular question was answered anyway and no motion to strike was made or instruction to disregard given.

Appellant's present complaint that no instruction was given to the jury on the defense of alibi does not require consideration by us since there was neither an objection nor a requested instruction at the trial. Fed.Rules Crim. Proc. rule 30, 18 U.S.C.A.; McDonald v. United States, 5 Cir., 200 F.2d 502; White v. United States, 5 Cir., 200 F.2d 509, certiorari denied 345 U.S. 999, 73 S.Ct. 1142, 97 L.Ed. 1405. Certainly on this record, where little or no evidence is present to support such a charge even if requested, and there is no basis for feeling that an injustice has been done it cannot be said that the failure of the Trial Judge to give it *sua sponte* is such a plain error as should be noticed under F.R.Crim.P. 52(b). See Williams v. United States, 5 Cir., 208 F.2d 447, certiorari denied 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1081.

Affirmed.