Willis SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16787.

United States Court of Appeals Fifth Circuit.

Feb. 13, 1958.

Rehearing Denied March 27, 1958.

Joseph A. St. Ana, Miami, Fla., for appellant.

O. B. Cline, Jr., Asst. U. S. Atty., James L. Guilmartin, U. S. Atty., Lavinia L. Redd, Asst. U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

PER CURIAM.

This appeal from conviction of appellant of violation of the Harrison Narcotics Act, 26 U.S.C.A. § 4744, presents no ground on which this Court can base a reversal. Complaining first that the trial court commented, before the jury was sworn, and, apparently from reading the record, even before the jury was struck by the parties, about narcotics cases in such a way as would prejudice appellant, the accused fails to show that the court's criticized answer to his motion was made within the hearing of any person who was later chosen and sworn as a juror in the case.

■ Seeking a reversal of the conviction on the second ground that evidence in the form of the marijuana was illegally obtained and should not, therefore, have been admitted, the appellant is met by the insuperable barrier of having failed either before or during the trial to move for the suppression of this evidence, Rule 41(e), F.R.Crim.P., 18 U.S.C.A., to object to its reception or request that the testimony as to it be stricken.

■ The third ground, an alleged failure of the trial court to charge adequately as to the meaning of "possession," is equally unavailable because, though twice given the opportunity to request added instructions and to object to instructions given, appellant's trial counsel failed to take the required steps to enable the judge to consider the correctness of his charge. Rule 30, F.R.Crim.P.; Finley v. United States, 5 Cir., 246 F.2d 604.

The judgment is affirmed.