Max Franklin ROPER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24808.

United States Court of Appeals Fifth Circuit.

Nov. 20, 1968.

Brooks Taylor, Crestview, Fla., for appellant.

Ben Hardeman, U. S. Atty., Montgomery, Ala., Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., Jack B. Patterson, Asst. U. S. Atty., for appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE,* Circuit Judges.

PER CURIAM:

Defendant, Max Franklin Roper, was convicted under a four count indictment of possession and sale of unstamped distilled spirits. 26 U.S.C. § 5205(a) (2). This resulted from two different episodes occurring on October 12 and 19, 1966. The testimony of five state and federal government agents showed that on these occasions the defendant sold non-tax-stamped whiskey to a government informer.

Denying his guilt, defendant testified that his 1955 green Oldsmobile, which the government agents claim they observed at the scene, was inoperative during October 1966 and subsequently. An automobile mechanic gave testimony that tended to corroborate this claim.

The first specification of error concerns three references on the part of the government to defendant's reputation. The first two of these were simply remarks by agents that they knew the defendant by reputation longer than by sight. On each occasion the witness was promptly warned that his answer was not responsive. Moreover, there was no indication as to what defendant's reputation was, although we note that bare reference to "reputation" by a government agent in the context of a criminal prosecution is somewhat ominous.

The third occasion was a direct inquiry made by the government later in the trial. This was caused, however, by a line of questioning by defense counsel that appeared to raise the defense of entrapment. Once the court determined that

* From the First Circuit, sitting by designation.

this defense was not in issue the matter was not pursued. We cannot say that defendant was prejudiced by any of this especially in view of the fact that he later revealed his criminal record in his own direct testimony.

■■ Defendant next complains because the court did not charge the jury on the law as to alibi. This point is entirely without merit because defendant did not object to the charge that was given nor did he suggest any additional charge although he was specifically invited to do so. Nor do we think that the court's failure to charge *sua sponte* on this matter is plain error under rule 52(b), see Goldsby v. United States, 1895, 160 U.S. 70, 77, 16 S.Ct. 216, 40 L.Ed. 343; Finley v. United States, 5 Cir. 1957, 246 F.2d 604, especially where as here the factual foundation for an alibi charge seems obscure, to say the least. Defendant says that if his automobile were inoperative at the time of the crimes, this would constitute an alibi. But the essence of alibi is the impossibility of the defendant's guilt based on his physical absence from the locus of the crime. See, e. g., Black's Law Dictionary 95 (4th ed. 1951). Under the most favorable interpretation to defendant the "alibi" here tended to show the absence not of defendant, but merely of his car, from the scene of the crime.

■ Finally, defendant complains because the prosecutor in effect told the jury in his closing statement that the defendant would not have been arrested were he not guilty. We reproduce in the margin the most offensive portion of this statement.[1]

While we agree that this type of argument is not to be countenanced since it ignores the fact that conviction requires proof beyond a reasonable doubt, we do not think that it is a proper basis for reversal on the facts of this case. Firstly, no objection was raised. Moreover, while it is dangerous for the prosecuting officer to vouch for the veracity of witnesses, this is not a case where the prosecutor's remarks were based on something other than the evidence of record. Compare, Lawn v. United States, 1958, 355 U.S. 339, 359–360 n. 15, 78 S.Ct. 311, 2 L.Ed.2d 321 with Gradsky v. United States, 5 Cir. 1967, 373 F.2d 706, 710.

Affirmed.

RIVES, Circuit Judge (specially concurring):

I concur, but would add a few remarks. The references by the government agents to the defendant's reputation seem to me both unjustified and reprehensible. However, there is no indication or claim that those references caused or influenced the defendant to testify in his own behalf. The dates of the alleged offenses were October 12 and 19, 1966. The defendant was arrested on January 5, 1967, nearly three months later. The principal defense was a claim of mistaken identity. To sustain that defense it was necessary for the defendant to take the stand and testify in his own behalf. When that occurred, the defendant's prior criminal record was properly proved, and the earlier references to his reputation became innocuous. Under different circumstances such references might well necessitate a reversal and new trial.

I agree that the prosecutor's remarks about the intelligence, integrity and fairness of the government witnesses were not based on matters outside of the evidence and that, under the teaching of Lawn v. United States cited in the Court's opinion, those remarks do not necessitate a reversal.

[1]. "And we submit to you that they are men of integrity, that they are men of intelligence, and they are men of fairness, and that they would not have brought this charge in the first place against this defendant unless he had been guilty, and an arrest would not have been made unless he had been guilty; and we submit to you that under those facts, he would not be here today unless he was guilty. And we ask in the name of justice that you bring in a verdict of guilty as charged. I thank you."

If the further remarks actually ignored or disputed the necessity of proof of guilt beyond a reasonable doubt, as in form they appear to do, then I would think that the argument might well constitute plain error under Rule 52(b), Fed.R. Crim.P. Even then, however, the very extremity of the error and the fact that it disputed a principle well known to most jurors made it almost self-correcting.

We are cautioned to "weigh the error's effect against the entire setting of the record." Kotteakos v. United States, 1946, 328 U.S. 750, 764, 66 S.Ct. 1239, 1247, 90 L.Ed. 1557. Considered in the light of the principal defense and of the argument of defendant's counsel that the officers are "not infallible," that they "can be mistaken," that "they are confused with some other people," "they are confused on the facts," the remarks actually do not dispute the necessity of proof beyond a reasonable doubt, but simply go to sustain the correctness of the officers' identification of the defendant. That they were so understood by defendant's then counsel [1] is apparent, because he made no objection. Again, if the able and alert district judge had understood the remarks to mean what their form indicates, he would in all probability have, of his own motion, promptly reprimanded counsel and charged the jury to disregard such grossly improper argument. Defense counsel's failure to object to an error which could be so easily and completely remedied is a strong factor weighing against a determination of plain and prejudicial error.

The remarks were the final words of the prosecutor's closing argument. That was followed by an hour and a half mid-day recess, and then by the court's charge to the jury. In that charge the court fully and correctly instructed the jury as to the burden of proof resting on the government:

"This defendant, Roper, enters upon the trial of this case presumed to be innocent of this crime; all defendants in our courts are presumed to be innocent of crime, even after they are charged by indictment. This presumption of innocence attends Roper throughout the trial of the case. He has the benefit of it even while you are deliberating the case, until you reach a point, if you do reach this point during the course of your deliberations, that you believe the United States has sustained its burden of proof, because the burden of proof in this case is on the United States. That burden is to prove this defendant, Roper's guilt beyond a reasonable doubt. The law defines a reasonable doubt as being a doubt for which you jurors may find a reason growing out of the evidence in the case, or, because the burden is on the Government, growing out of a lack of evidence in the case. Now, a reasonable doubt must be based upon the evidence in the case; a reasonable doubt cannot be a fanciful doubt or a doubt based upon something that you reach outside the evidence in the case and get; it must be a reasonable doubt based upon the evidence in the case or based upon a lack of evidence. A reasonable doubt is a fair doubt. If you reach the point that you believe the Government has sustained its burden of proof as to one or more of these four charges in this indictment, then, as to that or those charges, the presumption of innocence that I have talked to you about goes out of the case, and it serves no further purpose."

In the "entire setting of the record" I am convinced that the prosecutor's argument, though in form grossly improper, was not so intended or understood at the time it was made, and that its form should be disregarded as not affecting the defendant's substantial rights. Rule 52(a), Fed.R.Crim.P. I therefore concur in the court's opinion and in the judgment of affirmance.

---

1. Defendant's counsel on his trial in the district court was one of Alabama's leading and most experienced criminal lawyers.