57029. HENDERSON v. THE STATE.

WEBB, Judge.
Thomas F. Henderson was tried for the armed robbery of a bus station, which he was alleged to have committed on October 10, 1975, in Valdosta. Upon the

trial, other than the police officers who investigated the case, the state called only three witnesses. One was the night clerk at the bus station who was the victim of the robbery. Another was a cashier at Blanton's grocery store who testified that she was robbed the day after the bus station robbery. The third was an FBI agent who testified as to fingerprints on the demand note.

The victim described the perpetrator both to police and at the trial as being approximately six feet tall, weighing about 170 pounds, with a scraggly moustache and sort of buck teeth with a split between them that was the most prominent feature that he remembered. He stated on direct examination that he could not "absolutely" make an in-court identification of Henderson as the perpetrator. On cross examination he could not give a "hundred per cent positive" identification, but again described the perpetrator as buck-toothed.

Mrs. Wyllane House, testifying about the robbery which occurred the next day, described the robber as a black man with a short afro and a moustache, well-dressed, tall, but not too tall and thin with a space between his teeth. In answer to what his most distinguishable characteristic was, she reiterated the space between his front teeth. She identified Henderson as the robber, but admitted that it was easier for her to recognize white people than blacks.

The FBI agent testified that from the demand note, three envelopes and a pen he developed eleven latent fingerprints, three latent palmprints and one latent impression from the demand note, and that one of these prints was Henderson's. He also stated that under ideal conditions fingerprints on a piece of paper could be developed after ten years.

Henderson testified that he arrived in Valdosta on September 5, 1975, remained for several days and did not return again until June 2, 1977, and that he was not in Valdosta on October 10 or 11, 1975. The jury and the trial judge examined his teeth and the court allowed the record to reflect that there was no gap between Henderson's teeth. He testified that he had not had any dental work done and that all of his teeth were the original teeth. After

the issue was submitted to the jury they came back and requested another look at Henderson's teeth and asked that a professional examination be made. The court denied this request. The jury returned a verdict of guilty, Henderson was sentenced to 15 years, and appeals the denial of his motion for new trial. We agree that the trial court erred in failing to charge the jury on the defense of alibi and accordingly reverse.

Both this court and the Supreme Court have consistently held that where alibi is the sole defense of the accused, the failure of the trial court to charge on the defense of alibi, even in the absence of a request, is reversible error where there is some evidence to support it. *Pepper v. State,* 133 Ga. App. 1 (1) (209 SE2d 699) (1974); *Howard v. State,* 141 Ga. App. 238, 239 (4) (233 SE2d 58) (1977) and cits. Where the defense of alibi and the question of personal identity are virtually the same defense, it is not error to fail to instruct separately on alibi if the law of identification is given. *Herring v. State,* 238 Ga. 288, 289 (3) (232 SE2d 826) (1977). Here, however, the court did not charge either on alibi or on identification, and this omission, even without request, is fatal. Having thus ruled it is unnecessary to consider remaining enumerations.

*Judgment reversed. Bell, C. J., and Banke, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED JANUARY 9, 1979.

*Bennett, Wisenbaker & Bennett, Reginald C. Wisenbaker,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.