UNITED STATES, Appellee,

v.

Specialist Four (E–4) David H. OS-
THOFF, SSN 430–08–6330, United
States Army, Appellant.

CM 438233.

U. S. Army Court of Military Review.

9 Nov. 1979.

Captain Charles E. Trant, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, and Captain William B. Ramsey, JAGC.

Captain Kenneth H. Clevenger, JAGC, argued the cause for the appellee. With him on the brief were Major David McNeill, Jr., JAGC, and Major Douglas P. Franklin, JAGC.

Before CARNE, O'DONNELL and DRIBBEN, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

At a trial in the Federal Republic of Germany, the appellant was convicted of conspiracy to possess and transfer marihuana in violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881, and separate specifications of possessing and transferring marihuana and possessing and transferring cocaine, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge sentenced him to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for two years, and reduction to the lowest enlisted grade. The convening authority changed the discharge from dishonorable to bad-conduct and otherwise approved the sentence.

This case involves the applicability of Wharton's Rule, which provides that a person cannot be convicted of a conspiracy to commit a criminal offense if the offense requires concerted action by two persons.[1]

---

1. In its present incarnation, the Rule states: An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission.

Wharton's Rule is recognized in military practice[2] as well as in the federal civilian courts.[3]

■ The Rule, both by its terms and by judicial interpretation, applies only when the substantive offense necessarily entails a plurality of criminal activity. *Iannelli v. United States,* 420 U.S. 770, 785, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *United States v. Sproles,* 48 C.M.R. 278, 280 (A.C.M.R. 1974). Although we agree with the appellant that the transfer of marihuana—the substantive offense in issue—required a duality of action, we do not agree with his contention that Wharton's Rule is applicable. The Supreme Court in its most recent analysis of the Rule held that it is not a categorical imperative to be applied in a mechanical fashion, but is merely an aid to statutory construction.[4]

The rationale for treating conspiracy and its substantive offense as separate offenses, separately punishable, is that such concerted activities pose a potentially greater threat to the public than do individual crimes. *See Callanan v. United States,* 364 U.S. 587, 593–94, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961). The offenses to which Wharton's Rule traditionally apply, such as adultery, do not pose this danger. As the Court observed in *Iannelli:*

> The classic Wharton's Rule offenses—adultery, incest, bigamy, dueling—are crimes that are characterized by the general congruence of the agreement and the completed substantive offense. The parties to the agreement are the only persons who participate in commission of the substantive offense, and the immediate consequences of the crime rest on the parties themselves rather than on society at large. Finally, the agreement that attends the substantive offense does not appear likely to pose the distinct kinds of threats to society that the law of conspiracy seeks to avert. It cannot, for example, readily be assumed that an agreement to commit an offense of this nature will produce agreements to engage in a more general pattern of criminal conduct.[5]

Concerted activity in drug transactions, however, is different. Agreements that accompany unlawful transfers of drugs tend to pose the kind of threats to society that the law of conspiracy seeks to prevent. Under the circumstances, we cannot ascribe to Congress an intent to limit prosecution to the substantive offense. Although the legislative history of the Uniform Code of Military Justice is silent in this regard, the United States Court of Appeals for the Second Circuit found a Congressional intent to permit separate punishment for conspiracy and its substantive offense in prosecutions under the Comprehensive Drug Abuse Prevention and Control Act (§§ 101 *et seq.;* 21 U.S.C. §§ 801 *et seq.*). *United States v. Bommarito,* 524 F.2d 140 (2d Cir. 1975). We cannot conclude that Congressional concern for the far-reaching effects of concert-

---

1 Anderson, Wharton's Criminal Law and Procedure, § 89, p. 191 (1957). The Rule is an exception to the general proposition that conspiracy and its substantive offense do not merge.

**2.** *United States v. Yarborough,* 1 U.S.C.M.A. 678, 5 C.M.R. 106 (1952); *United States v. McClelland,* 49 C.M.R. 557 (A.C.M.R.1974); *United States v. Sproles,* 48 C.M.R. 278 (A.C.M.R.1974).

**3.** *See Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975), and cases cited therein.

**4.** "[Wharton's Rule] has current vitality only as a judicial presumption, to be applied in the absence of legislative intent to the contrary." *Iannelli v. United States, supra* at 782, 95 S.Ct. at 1292. *See United States v. Rueter,* 536 F.2d 296 (9th Cir. 1976).

**5.** 420 U.S. at 782–84, 95 S.Ct. at 1292–1293 (citations omitted). *Iannelli* involved conspiracy to violate and substantive violations of 18 U.S.C. § 1955, a criminal statute prohibiting five or more persons from engaging in certain gambling activities. The Court held Wharton's Rule to be inapplicable, notwithstanding the requirement for plurality of criminal activity.

ed drug activities is limited to the civilian milieu.[6]

For the foregoing reasons we hold that the appellant could properly be prosecuted for conspiracy to transfer marihuana and for the substantive offense of transferring the marihuana. His pleas of guilty were provident.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge DRIBBEN concur.

---

**6.** We note that military violations of the Comprehensive Drug Abuse Prevention and Control Act may, under certain conditions, be prosecuted at trials by court-martial. *See e. g.,* paragraph 5–2a (7), Army Regulation 600–50, 20 October 1977.