## 59832. SMITH v. THE STATE.

SOGNIER, Judge.

Smith was convicted in the Superior Court of Catoosa County of rape. On appeal he contends the trial court erred by failing to charge on the defense of alibi. The defense presented no evidence in this case. However, prior to trial defendant made out-of-court statements to an FBI agent and a deputy sheriff, neither of which were under oath. The FBI agent and the deputy sheriff later testified as to these two out-of-court statements. Based on this evidence, appellant contends the trial court should have charged the jury on the defense of alibi, even without request, pursuant to the holding in *Henderson v. State,* 148 Ga. App. 659 (252 SE2d 83) (1979). However, *Henderson* provides that this rule applies where alibi is the sole defense and "where there is some evidence to support it." Id., at 661. These prior statements of appellant, repeated in court by the state's witnesses, are insufficient to raise the defense of alibi. Even assuming that they did, our Supreme Court has held: " 'This court has upon many occasions ruled that it is not error to fail to charge on alibi when there is no request therefor and the only basis for alibi consists of a defendant's unsworn statement. [Cit.]' " *Fields v. State,* 232 Ga. 723, 724 (3) (208 SE2d 822) (1974). Accord: *Pittman v. State,* 133 Ga. App. 902, 904 (2) (212 SE2d 505) (1975). We deem this analogy controlling in this instance and accordingly, the enumeration of error is without merit.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED MAY 5, 1980 — DECIDED SEPTEMBER 2, 1980 —

*Roland L. Enloe, Jr.,* for appellant.
*William M. Campbell, District Attorney, Christopher A. Townley, Assistant District Attorney,* for appellee.