562

UNITED STATES

v.

Staff Sergeant Alexander BOYD, FR 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 United States Air Force.

ACM S25958.

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 Feb. 1983.

Decided 14 Oct. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

DECISION

KASTL, Senior Judge:

█ Absent a defense request for an alibi instruction, must the military judge give one *sua sponte?* This is the question before us. We hold that—without a defense request—a military judge does not err by failing to give such an instruction.

The accused was found guilty by a special court-martial, with members, of conspiracy to commit larceny and larceny, in violation of Articles 81 and 121, U.C.M.J., 10 U.S.C. §§ 881 and 921. The approved sentence was a bad conduct discharge (suspended), confinement at hard labor for two months, forfeiture of $382.00 per month for two months, and reduction to airman basic.

I

At trial the defense did not request an alibi instruction; neither did the military judge give one. Now, in briefs and oral argument of marked ability, the parties join issue on whether the judge's instructions were deficient.

*Civilian Precedents*

We begin our analysis by considering alibi in civilian jurisdictions. "Alibi" has been simply defined as the proposition that the accused was at a place other than that at which the alleged crime occurred. *See Commonwealth v. Warrington,* 230 Pa.Super. 332, 326 A.2d 427, 429 (1974). As for the precise problem before us, the unchanging rule in most jurisdictions is this: Absent a request for an instruction, there is no duty upon the trial court to give one. *Goldsby v. United States,* 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343 (1895). *See generally* Annot., 118 A.L.R. 1303, 1311 (1939); *Wharton's Criminal Law* § 43 (14th Ed. 1978); The Advocate, Vol. 10, No. 1, Janu-

ary 1978, 51, 56–58. Such is the unanimous rule in at least six Federal circuits which have addressed the issue.[1] State cases are in accord. *See Wharton's Criminal Law, supra,* at pp. 216–218 (citing some 75 State and Federal cases standing for this proposition); Annot., 72 A.L.R.3d 547 (1976); *see also Reid's Branson Instructions to Juries* § 151 (1960). There is no indication of a contrary trend today.[2]

## Military Case Law

In military law, the alibi issue was squarely before our predecessor Board of Review in *United States v. Martin,* 15 C.M.R. 796, 804–805 (A.F.B.R.1954). With extensive citation, the guideposts for this area were cogently set out:

1. Where the defense of alibi is reasonably raised by the evidence and a defense request is made for special instructions, such instructions should be given.

2. In such situations, failure to give a *requested* instruction on alibi is reversible error.

3. It is "almost universally held" that no error occurs in failing to instruct on alibi where *no specific defense request* has been tendered:

In such situations, as in the State and Federal courts, it has been uniformly held that, *lacking a request for such special instructions,* no error was committed by the failure to give them (citations omitted) (emphasis in original).

*See also United States v. Moore,* 15 U.S.C. M.A. 345, 35 C.M.R. 317, 319 (1965) (applauding the Air Force Board of Review's *Martin* decision); *United States v. Bigger,* 2 U.S.C.M.A. 297, 8 C.M.R. 97, 102 (1953). *See generally United States v. Jones,* 7 M.J. 441, 443–444 (C.M.A.1979) (defense requested instruction).

## Analysis

Appellate defense counsel urge us to detect a requirement to instruct despite lack of defense objection to the instructions. They cite *United States v. Graves,* 1 M.J. 50, 53 (C.M.A.1975) where the Court of Military Appeals counselled that:

Irrespective of the desires of counsel, the military judge must bear the primary responsibility for assuring that the jury properly is instructed on the elements of the offenses raised by evidence as well as potential defenses and other questions of law. Simply stated, counsel do not frame issues for the jury; that is the duty of the military judge based upon his evaluation of the testimony related by the witnesses during the trial.

*United States v. Graves, supra,* at 53 (effect of intoxication on voluntariness of a statement made to investigators); *See also United States v. Sawyer,* 4 M.J. 64, 65 n. 12 (C.M.A.1977) (self-defense); *United States v. Sermons,* 14 M.J. 350, 352 (C.M.A.1982) (entrapment).

We find no error here, and we believe the defense draws too much comfort from the *Graves* series of cases. Given the history of

---

1. *See e.g., United States v. Beaver,* 524 F.2d 963 (5th Cir.1975); *United States v. Atkins,* 487 F.2d 257 (8th Cir.1973); *Lewis v. United States,* 373 F.2d 576 (9th Cir.1967); *Walton v. United States,* 334 F.2d 343 (10th Cir.1964); *United States v. Stirone,* 311 F.2d 277, 282 (3th Cir. 1962); *United States v. Tramaglino,* 197 F.2d 928, 932 (2d Cir.1952). *See also Roper v. United States,* 403 F.2d 796 (5th Cir.1968).

2. The civilian rule has existed for at least 85 years. Thus, for example, in *Goldsby v. United States,* 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343 (1895), the Supreme Court commented that: If the accused wished specific charges as to the weight in law to be attached to testimony introduced to establish an alibi it was his privilege to request the court to give them.

No such request was made, and therefore the assignments of error are without merit. *Goldsby v. United States, supra,* at 77, 16 S.Ct. at 219. The same rule obtains today in the most recent cases. *See, e.g., State v. Parham,* 174 Conn. 500, 391 A.2d 148, 153 (1978); *State v. Willard,* 293 N.C. 394, 238 S.E.2d 509, 520 (1977); *People v. Bounds,* 36 Ill.App.3d 330, 343 N.E.2d 622, 627 (1976). *See also Smith v. State,* 155 Ga.App. 506, 271 S.E.2d 654 (1980). In some states, there exists a limited exception in appropriate circumstances. *See generally* Annot., 72 A.L.R.3d 547, 568–569. A handful of larceny cases in North Carolina and Missouri suggested that failure to give a *sua sponte* instruction was reversible error; they are now apparently overruled. *Id.* at 590–592.

the topic of alibi, we do not discern that the generalized language of *Graves* and its progeny overturns almost 30 years of military decisions and almost-universally-held civilian authority.[3]

In this vein, a number of rationales have been advanced concerning why no duty exists for a trial judge to instruct, lacking a defense request. First, the area is a matter of common knowledge to jurors; no specialized guidance is necessary. Second, an alibi defense is *sui generis;* it is not technically an independent affirmative defense at all but rather a collateral matter involving direct denial of the state's case. *United States v. Jones, supra* at n. 1. *See generally* Annot., 118 A.L.R. 1303, 1304. Finally, the usual instructions on burden of proof, presumption of innocence, and reasonable doubt finesse the need for further detailed instructions. *See* Annot., 72 A.L.R.3d at 564. *See also* Annot., 124 A.L.R. 471 (1940). *See generally People v. Masters,* 133 Cal. App. 167, 23 P.2d 774 (1933).

We do not find in *Graves* the wrecking-crew machinery to tear down established legal precedent. In particular, we note that the recent Military Judge's Benchbook, DA Pam 27–9, 1 May 1982, counsels that:

> Special defenses must be instructed on *sua sponte* when there is some evidence raising the defense ... Other defenses, such as alibi, deny the commission of the acts charged by the accused. When raised, a *sua sponte* instruction is not ordinarily required, but the military judge must instruct on such issues when requested to do so.

Instruction 5–1, *supra. See also* Instruction 5–13, specifically addressing alibi. The Benchbook post-dates the *Graves* case by eight years; while not binding authority upon us, we note that the Benchbook does not view *Graves* as overturning the accepted rules on alibi instructions.[4] It follows

that the accused's contention is without merit.

## II

■ At trial, the military judge gave a *sua sponte* sentencing instruction concerning the mendacity of the accused, who had testified—unsuccessfully—in his own behalf on findings. The defense objected to such instruction, which was broached for the first time by the judge before the members.

Before us, the accused claims the military judge erred in so instructing. Disagreeing, we perceive no harm. We believe it clear that the court members resolved the instant question of innocence or guilt by believing that the accused lied; accordingly, the military judge's instruction was permissible. *United States v. Warren,* 13 M.J. 278, 285 n. 9 cautions that a trial judge "should be hesitant ... he should be reluctant ... there is no requirement that ... a judge on his own initiative inform the court members...." Given such guidance we nonetheless do not find such an instruction impermissible. Indeed, that very footnote begins with the comment that "Even without a request of counsel, the judge may instruct the court members as to the significance for sentencing purposes" of the accused's false testimony. *See also United States v. Cabebe,* 13 M.J. 303 (C.M.A.1982).

## III

■ The accused claims that the conspiracy and larceny charges were co-extensive and should be deemed impermissibly charged under the Wharton Rule. Disagreeing we believe the issue has been addressed fully in *United States v. Earhart,* 14 M.J. 511, 513–514 (A.F.C.M.R.1982). *See also Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *United States v. Osthoff,* 8 M.J. 629 (A.C.M.R.

---

3. See the cases cited in footnotes 1 and 2, *supra.*

4. We believe the best defense argument is this: If it is reversible error for the military judge to refuse to give an instruction on alibi *if the defense requests it,* why is it not also error to fail to instruct absent a specific defense re-

quest? Our analysis of the case law reveals no complete answer to this question. *See United States v. Martin,* 15 C.M.R. 796, 805 (A.F.B.R. 1954). Suffice it to say that we decline the honor of being the first court to establish a contrary doctrine.

1979). *See generally United States v. Washington,* 1 M.J. 473 (C.M.A.1976) (conspiracy to commit larceny and larceny). The matter is resolved contrary to the contentions of the accused.

## IV

The other matters raised are resolved adversely to the accused.[5]

The findings of guilty and sentence are AFFIRMED.

RAICHLE and SNYDER, Judges, concur.

**5.** The Motions to File Supplemental Authority of 8 and 20 September 1983 are GRANTED.