UNITED STATES, Appellee,

v.

Private First Class Jeffrey R. HUNTER, SSN 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, United States Army, Appellant.

CM 442637.

U.S. Army Court of Military Review.

23 Nov. 1983.

Colonel William G. Eckhardt, JAGC, Major Lawrence F. Klar, JAGC, Captain Gunther O. Carrle, JAGC, and Ted A. Schumacher, Esquire, were on the pleadings for the appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Arthur L. Passar, JAGC, were on the pleadings for the appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, appellant was convicted of two specifications each of wrongful sale, transfer and possession of marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. A court composed of members sentenced him to a dishonorable discharge, confinement at hard labor for ten years, total forfeitures and reduction to the grade of Private E-1. The convening authority re-

duced the period of confinement to six years but otherwise approved the sentence as adjudged.

Of the assignments of error raised by appellant, only three warrant comment. Each arises out of the testimony of a confidential informant, Specialist Four Jones, who played a crucial role in the transactions which underlie the charged offenses. Specifically, appellant contends that the military judge erred by refusing to permit the defense to attack the informant's credibility with extrinsic evidence of bias, prejudice or motive to misrepresent; denying the defense access to a Government file on the informant; and refusing to strike the informant's testimony after he had asserted his right against self-incrimination as to certain cross-examination questions. For the reasons set forth below, we find appellant's assignments of error without merit.

Reduced to its essentials, the voluminous record of this case reveals that, after negotiating a purchase of a small amount of marijuana with appellant and his roommate, Specialist Jones paid appellant $45.00 in marked currency in anticipation of later delivery of the drugs. Five days later, appellant and his roommate delivered the marijuana to Jones at their apartment. Four days after that, Jones returned to the apartment where he purchased marijuana from appellant for $10.00 in marked currency.

## I. *The Military Judge's Refusal to Permit Extrinsic Evidence of Bias, Prejudice or Motive to Misrepresent.*

■ The Government moved *in limine* that appellant be prevented from cross-examining Specialist Four Jones and from presenting evidence which would show that "Jones was engaged in a systematic diversion of drugs and CID funds." In response, appellant claimed that evidence of Jones' activities was admissible to prove Jones' bias or motive to fabricate his testimony so he could eliminate competing drug dealers. The military judge granted the Government's motion on the rationale that any such evidence elicited or presented by ap-

pellant would cause confusion of the issues in the case. *See* Military Rules of Evidence 403 and 608(b). We hold that the military judge was correct albeit for a different reason. Resolution of this issue is governed by Military Rule of Evidence 608(c), and depends on whether appellant, in his offer of proof, sufficiently established that Jones' alleged illicit activities rendered his testimony suspect of fabrication for bias, prejudice or motive to misrepresent. We find that the defense did not meet its threshold burden in this regard. As we read the trial defense counsel's offer of proof, we perceive nothing more than the bare assertion that because Jones was a drug dealer and a thief, it automatically follows that his testimony possesses "a hostility of emotion or partiality of mind . . . from which the factfinder can infer that [his] testimony is distorted." *United States v. Banker,* 15 M.J. 207, 210 (C.M.A.1983) (citation omitted). We find such an assertion to be untenable under the circumstances of this case and accordingly reject it. *See United States v. Gonzalez,* 16 M.J. 423 (C.M.A.1983).

## II. *The Military Judge's Denial of Defense Access to the CID File.*

■ Claiming he was in pursuit of exculpatory or impeachment evidence, appellant moved for production of the file maintained on Specialist Jones' informant activities by the Criminal Investigation Division. The Government produced the file in court, presented it to the military judge for an *in camera* inspection, and opposed its delivery to appellant on the grounds, *inter alia,* it contained nothing relevant to appellant's case and appellant was embarked on little more than a fishing expedition. The military judge examined the file and denied appellant's motion. We hold his action was proper. We find, as did the military judge, that the information in the file amounted, at best, only to extrinsic evidence of Jones' alleged drug dealings and diversion of Government funds and, as such, was not admissible for the purpose of attacking his credibility. *See* Mil.R.Evid. 608(b). Moreover, the military judge determined, and we

agree, that the information would not have helped the defense. Therefore, we hold it was not error to deny appellant access to the file.

III. *The Military Judge's Refusal to Strike the Confidential Informant's Testimony.*

█ During his cross-examination of Specialist Jones, the trial defense counsel asked Jones whether he had sold drugs before 24 September 1981. When Jones replied that he had not, appellant's counsel pursued a line of questioning which implied that Jones had been selling drugs to prisoners at the stockade. Jones refused to answer some of the questions by invoking his right against self-incrimination. Appellant moved to strike Jones' entire testimony pursuant to Military Rule of Evidence 301(f)(2), which provides for such action "unless the matters to which the witness refuses to testify are purely collateral." The military judge determined they were collateral and so do we. Accordingly, we see no reason to disturb his ruling. *See United States v. Williams,* 16 M.J. 333 (C.M.A.1983); *United States v. Richardson,* 15 M.J. 41 (C.M.A.1983); *United States v. Hornbrook,* 14 M.J. 663 (A.C.M. R.1982), *aff'd,* 16 M.J. 195 (C.M.A.1983) (summary disposition).

The findings of guilty and the sentence are affirmed.

Senior Judge MOUNTS and Judge YAWN concur.