UNITED STATES, Appellee,

v.

**Specialist Four Jose W. DIAZ–PADILLA, SSN 583–15–3472, United States Army, Appellant.**

CM 443792.

U.S. Army Court of Military Review.

24 Jan. 1984.

Colonel R. Rex Brookshire II, JAGC, Captain Bernard P. Ingold, JAGC, and Captain Barbara M. Lederer, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Howard G. Cooley, JAGC, were on the pleadings for appellee.

Before HANSEN, COKER, and BROOKSHIRE, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Judge:

In accordance with his pleas, the appellant was convicted of two incidents of possession, sale, and transfer of marijuana and one incident of possession of marijuana with the intent to distribute, all in violation of Article 134, Uniform Code of Military Justice; 10 U.S.C. § 934 (1976). His adjudged sentence of confinement at hard labor for one year and reduction to Private E–1 was approved by the convening authority. The appellant alleges that the possessions and transfers are multiplicious for findings with the sales and that the trial judge erred in calling a witness during the guilty plea inquiry. We disagree.

The offenses at issue are not multiplicious as a matter of law. *United States v. Doss,* 15 M.J. 409 (C.M.A.1983). As the second allegation of error impacts on this issue, it would not be appropriate for this Court to dismiss the allegedly multiplicious specifications at this time. The offenses were treated as multiplicious for sentencing purposes, so there is no prejudice to the appellant by this determination.

The appellant initially related in the guilty plea inquiry that a confidential informant urged him to sell marijuana as a method of alleviating the appellant's severe financial condition. He hesitated from fear, moral reasons, and lack of knowledge of the drug business, stating his response as, "I don't know right now." At their second meeting the informant agreed to provide the appellant with the drug and did so the following day. He then introduced the appellant to an undercover agent who bought the marijuana. After the trial judge refused to accept the plea of guilty, and a recess, the appellant related that he entered the drug scene to secure money to pay his debts. He further stated that the informant did not provide the drug but referred the appellant to another individual who in turn introduced the appellant to a supplier of marijuana. This modified recitation established an adequate factual basis for his pleas and was not inconsistent with his pleas. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Having admitted the motive for profit as the basis for his drug dealing, the appellant was foreclosed from raising the defense of entrapment unless the government agents violated fundamental fairness by conduct shocking to the sense of justice. *United States v. Hebert,* 1 M.J. 84 (C.M.A.1975). While the appellant's conduct is analogous to the facts of *United States v. Sermons,* 14 M.J. 350 (C.M.A.1982), the trial judge was correctly concerned with the underlying issue of the conduct of the government agents. Because the appellant was not able to provide information on this issue, the trial judge called the informant as a witness to elicit the necessary facts.

There is no requirement that independent evidence be produced to establish the factual basis of a guilty plea, *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980), and normally the recitation of facts by the appellant is the only evidence. At the same time, the use of independent evidence is not prohibited. In this case, the trial judge in his discretion sought evidence to answer a serious issue before him. That evidence, established on the record at trial, exonerated the government agents of the fact and appearance of any misconduct. The decision of the trial judge was an act of eminent good sense, upheld the mandate of *United States v. Care, supra,* and was not an abuse of discretion.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN concurs.

Judge BROOKSHIRE did not participate in this decision.