**UNITED STATES, Appellee,**

v.

**Jeffrey R. HUNTER, Private First Class,
U.S. Army, Appellant.**

No.  48,680.
CM  442637.

U.S. Court of Military Appeals.

Jan. 27, 1986.

For Appellant: *Captain J. Andrew Jackson* (argued); *Colonel William G. Eck-*

hardt, *Lieutenant Colonel William P. Heaston, Major Edwin D. Selby, Captain Donna Chapin Maizel, Captain Gunther O. Carrle* (on brief); *Colonel Brooks B. La Grua* and *Captain H. Alan Pell.*

For Appellee: *Captain Samuel J. Rob* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Thomas M. Curtis* (on brief).

### Opinion of the Court

COX, Judge:

This case, 17 M.J. 738,[1] arose out of a typical drug investigation by the Criminal Investigation Division (CID). A confidential informant, Specialist Four Paul Jones, gained the confidence of appellant and his roommate, Specialist Four Timothy Browning. When Jones approached Browning about buying some marihuana, he was referred to appellant. Appellant eventually made two sales of marihuana to Jones, one on September 30 of what purported to be one ounce and one on October 4 of what purported to be a "dime" bag.

■ In the face of overwhelming evidence that he possessed and transferred marihuana on the two occasions as alleged, appellant defended on the basis that he did not make a profit and was merely a procuring agent for Jones at the request of Browning and, thus, could not be found guilty of sale.[2] Based primarily on the testimony of Browning, who was granted immunity, the Government contended that appellant made a profit on the transactions by receiving a discount from his regular supplier and that he should be found guilty of sale.

Two evidentiary rulings at trial gave rise to the granted issues. We will discuss these separately.

### I

WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S SUBSTANTIAL PREJUDICE BY PERMITTING THE COURT MEMBERS TO HEAR EVIDENCE OF UNCHARGED MISCONDUCT RELATING TO, AMONG OTHER THINGS, APPELLANT'S PRIOR INVOLVEMENT WITH MARIHUANA.

■ Appellant argues that the military judge committed prejudicial error by permitting trial counsel, over defense objection, to introduce evidence of uncharged misconduct.[3] We disagree. Although evidence of prior acts of misconduct was inadmissible under Mil.R.Evid. 404(a) for the purpose of showing appellant's bad character, that does not stand in the way of its admissibility for other purposes. *See* 1A Wigmore, *Evidence* § 215 (Tillers rev. 1983). The evidence of uncharged misconduct was admissible in this case to show appellant's intent and motive in order to rebut the defenses of entrapment and agency. Mil.R.Evid. 404(b).

■ The testimony that the inducement for the offenses originated with the government informant arguably raised the

---

1. A general court-martial composed of officer and enlisted members tried appellant at Fort Benning, Georgia, during January and February, 1982. Contrary to his pleas, he was convicted of two specifications each of possession, transfer, and sale of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to confinement at hard labor for 10 years, total forfeitures, reduction to pay grade E–1, and a dishonorable discharge. The convening authority reduced the confinement to 6 years but otherwise approved the sentence as adjudged. The Court of Military Review affirmed. 17 M.J. 738 (1983).

2. As the defense of agency applies only to a sale offense, *United States v. Fruscella*, 21 U.S.C.M.A.

26, 44 C.M.R. 80 (1971), it is not applicable to the offense of distribution of controlled substances in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.

3. The evidence included testimony that appellant had sold marihuana to a Specialist Hornbrook several times before the date of the first meeting between appellant and Jones. Also included was the testimony of Browning that appellant would only sell drugs to someone he knew personally, had "gotten high" with, or for whom Browning vouched. All of this evidence was introduced by trial counsel to overcome any inference that appellant had been entrapped.

defense of entrapment.[4] Once the defense is raised, the Government may then introduce evidence of predisposition, including evidence of prior misconduct, to rebut that defense. *United States v. Vanzandt*, 14 M.J. 332, 343 (C.M.A.1982). *Cf. United States v. Brannan*, 18 M.J. 181 (C.M.A. 1984) (evidence of prior drug transactions relevant to rebut defense of lack of criminal intent). The evidence of prior marihuana sales was clearly probative of appellant's predisposition to sell marihuana.

■ Evidence of prior misconduct was also admissible in this case to rebut the defense theory of agency. *See United States v. Skrzek*, 47 C.M.R. 314 (A.C.M.R. 1973). The agency defense is available if an accused acts as an agent solely for the purchaser and not for the seller. *United States v. Suter*, 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972). Evidence of other drug sales was admissible to show that appellant's motive or plan was to serve his own interests, rather than merely to accommodate Jones. Mil.R.Evid. 404(b).

## II

WHETHER THE MILITARY JUDGE ERRED BY REFUSING TO ALLOW THE DEFENSE TO PRESENT EXTRINSIC EVIDENCE OF THE CONFIDENTIAL INFORMANT'S INVOLVEMENT IN A SYSTEMATIC LARCENY OF THE FUNDS USED IN CONTROLLED PURCHASES OF MARIHUANA AND THE MARIHUANA OBTAINED IN THOSE PURCHASES.

Trial counsel moved to preclude appellant from attempting to impeach the informant, Jones, by proving specific acts of misconduct by extrinsic evidence.[5] Appellant contended this evidence was admissible under Mil.R.Evid. 608(c) to show bias and a motive "to put the competition out of business." The military judge ruled that appellant was limited to cross-examination of Jones concerning the alleged acts of misconduct.

■ Although extrinsic evidence of misconduct is not admissible to show a witness' general character for truthfulness, it is admissible to impeach a witness by showing "[b]ias, prejudice, or any [other] motive" of the witness "to misrepresent." Mil.R.Evid. 608(c); *United States v. Banker*, 15 M.J. 207 (C.M.A.1983). *See* 3A Wigmore, *Evidence* § 943 (Chadbourn rev. 1970). "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 469, 83 L.Ed.2d 450 (1984).

■ Appellant's theory that Jones had a motive to misrepresent in order to eliminate a competing drug dealer was so tenuous that extrinsic evidence offered to support it was properly excluded. *Cf. United States v. Gonzalez*, 16 M.J. 423 (C.M.A. 1983). Even if Jones were selling drugs, it does not follow that it might lead him to color his testimony against appellant.

■ There is some merit, however, to appellant's argument that evidence of a practice by Jones of diverting CID funds or drugs was relevant to the defense theory of agency. That Jones had previously retained some of the marihuana or funds from other transactions would lend support

---

**4.** The military judge instructed the members on the defenses of agency and entrapment. When the evidence, whether produced by the defense or by the Government, raises a defense, it is not error to so instruct the factfinders, regardless of defense theories or requests. *United States v. Sermons*, 14 M.J. 350 (C.M.A.1982); *United States v. Steinruck*, 11 M.J. 322 (C.M.A.1981). Although defense counsel stated that any defense of entrapment was "specifically and consciously" waived, he elicited in cross-examination of Jones and Browning that appellant did not want to sell to Jones, that Jones aggressively and persistently solicited appellant, and that appellant refused several times before reluctantly agreeing to obtain marihuana for Jones.

**5.** Defense counsel wanted to introduce testimony that Jones was using his position as a CID informant to divert drugs and money. The defense also wanted to show that Jones was selling drugs at the stockade.

to the inference that Jones had diverted some of the marihuana or funds to his own use in this case, leading him to slant his testimony against appellant to conceal his own misconduct. Although Jones testified that he gave appellant $45 for an ounce of marihuana, the defense theory was that appellant made no profit on the transactions, transferring a $40–bag of marihuana to Jones for $40 and transferring a $10–bag for $10. Therefore, the evidence of a systematic diversion of funds and drugs was sufficiently probative of Jones' possible motive to misrepresent to warrant its admission into evidence.

Appellant was not prejudiced, however, by the exclusion of this extrinsic evidence. Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a). *See United States v. Weeks,* 20 M.J. 22 (C.M.A.1985). The case against appellant was strong and the defense theory of the case was weak. In any event, other evidence before the members suggested that Jones had skimmed $5 and a few grams of marihuana from the September 30 transaction. Further, the materiality of the proffered evidence was seriously diminished by the evidence of a wholesale profit motive. Whether appellant actually received $40 or $45 from Jones, or whether Jones actually received 23 or 28 grams of marihuana, did nothing to refute the damning evidence provided by appellant's partner-in-crime that their anticipated profit was to come from receiving a volume discount from their supplier. After a careful review of the entire record of trial, we are convinced that any error was harmless beyond a reasonable doubt.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.