**UNITED STATES of America**

v.

**Biaggio BARRASSO and Philip Cuttone, Appellants.**

**Nos. 12778, 12779.**

United States Court of Appeals Third Circuit.

Argued March 20, 1959.

Decided June 17, 1959.

HASTIE, Circuit Judge.

Two men, Barrasso and Cuttone, are here appealing from their conviction of the crimes of robbing and conspiring to rob a bank. They complain of the instructions given to the jury, as well as the court's failure to give requested instructions, concerning their defense of alibi and concerning the credibility of one Fergerson, a very important prosecution witness.

The witness Fergerson testified against the appellants after an earlier separate trial had resulted in his conviction of the robbery in question. At the present trial, contradicting his testimony at his own trial, he gave a detailed account of the robbery, identified the appellants as his companions in the enterprise, and specified the role of each during and before the actual robbery. He admitted that he had perjured himself in his testimony at his own trial.

In these circumstances counsel for the appellants submitted to the court a request for instructions, reading:

> "Fergerson's admission that he wilfully committed perjury and false swearing at his trial, while it does not disqualify him as a witness, yet it does seriously impair his testimony."

However, the trial judge did not give this requested instruction, neither did he make any mention in his charge to the significance of admitted perjury as affecting credibility.

On this appeal the government urges that the court acted properly because the requested instruction was technically inaccurate. It should have been so phrased as merely to inform the jury that the admitted perjury of the witness was to be given serious consideration in their determination of his credibility, without stating as a conclusion of the court that his credibility had been impaired by this perjury. How significant that difference is, we need not decide. For, in any event the court was alerted to the desire of the defendants for an instruction as to the bearing of

Samuel D. Bozza, Newark, N. J., for appellants.

Michael A. Querques, Asst. U. S. Atty., Newark, N. J. (Chester A. Weidenburner, U. S. Atty., Newark, N. J., on the brief), for the United States.

Before McLAUGHLIN and HASTIE, Circuit Judges, and MORRILL, District Judge.

admitted perjury about this very crime on the credibility of the account now given by the witness.

Such an instruction would certainly have been appropriate. Beyond that Chief Judge Biggs, speaking for this court, pointed out in United States v. Margolis, 3 Cir., 1943, 138 F.2d 1002, 1004, that where a witness has been guilty of perjury "[t]he court must charge that the testimony of such a witness must be scrutinized with care."

The government also points out that the court did warn the jury to scrutinize the testimony of Fergerson carefully. But the stated basis of this admonition was Fergerson's conviction of robbery. Actually, his admitted perjury pointed more directly to testimonial unreliability. Therefore, having been requested to charge on this matter, the court should have done so. We conclude that under United States v. Margolis, supra, the court erred in failing after request to instruct the jury to take seriously into account the admitted perjury of Fergerson in determining whether his present testimony on the same subject merited belief.

There is a second point about the charge. Each of the appellants relied heavily upon evidence placing him at a location far removed from the scene of the crime and from Fergerson at the time of the robbery and during the hours which immediately preceded it. Accordingly, defense counsel requested certain instructions concerning this alibi defense. Request No. 7, which in itself adequately covered the matter, was in these words:

"Proof of an alibi need not reasonably exclude the possibility of the defendant's presence, nor must the defendant satisfy the jury whether he was there or not at the time of the commission of the crime. If the testimony creates such a degree of uncertainty as to the defendant's whereabouts that the jury are not satisfied beyond a reasonable doubt of his guilt, he is entitled to an acquittal."

However, the court proceeded to charge the jury without any mention of the alibi defense whatever. Counsel promptly brought this omission to the court's attention and the court then supplemented its charge with this instruction:

"Ladies and gentlemen of the jury, there has been set up in this trial the defense of alibi. That means that the accused says he was not present, he was somewhere else, and that he could not have participated in this crime. If you believe that, that ends it because if he weren't there at any time he is alleged to have been there, he couldn't have done it. So alibi, if you believe the testimony as to his being elsewhere, is a perfectly good defense. That was called to my attention by counsel but I thought it was self-evident."

■■ In thus charging the jury the court omitted altogether the conception and rule that the accused has to do no more than to create in the minds of the jurors a substantial doubt concerning his whereabouts at the time in question. Indeed, the court may well have suggested to the jury that the accused bore the burden of persuasion on the alibi defense when it charged: *"if you believe the testimony as to his being elsewhere, [that alibi] is a perfectly good defense."* (Italics added.)

We are not persuaded by the government's argument that all of this was cured by a quite proper and forceful general instruction stating in clear language that throughout the case the burden remains on the government to convince the jury of guilt beyond reasonable doubt. This court considered this very problem in United States v. Marcus, 3 Cir., 1948, 166 F.2d 497, 503–504, saying:

"By the weight of authority it is held that the instructions on the presumption of innocence of the accused, and of the necessity of fastening every necessary element of the crime charged upon the accused beyond a reasonable doubt, are not

enough in cases involving the necessary presence of the accused at a particular time and place, when the accused produces testimony that he was elsewhere at the time. If the accused request an instruction as to the burden of proof on his alibi, an instruction on the subject must be given so as to acquaint the jury with the law that the government's burden of proof covers the defense of alibi, as well as all other phases of the case."

We are satisfied that the Marcus case states a sound rule and that it should be followed strictly. It follows that there was error in the charge as given below on the alibi defense.

The judgment will be reversed as to both defendants and the cause remanded for a new trial or other proceedings consistent with this opinion.