GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

v.

**PERRY BELLOTT, Appellant**

No. 72-2057

United States Court of Appeals

Third Circuit

Argued December 3, 1973

Filed March 27, 1974

GEOFFREY W. BARNARD, ESQ. (ISHERWOOD, COLIANNI, ALKON & BARNARD), Christiansted, St. Croix, V.I., *for appellant*

JULIO A. BRADY, ESQ., United States Attorney, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, GIBBONS and WEIS, *Circuit Judges*

### OPINION OF THE COURT

GIBBONS, *Circuit Judge*

Perry Bellot was indicted for first degree murder, 14 V.I.C. § 922(a), was found guilty by a jury, and was sentenced to life imprisonment. The victim was a paramour with whom Bellott quarreled, apparently over her decision to leave him. The defense offered the testimony of two expert witnesses, a clinical psychologist and a psychiatrist, to the effect that Bellott was, on the date of the offense, suffering from a mental illness and that the act for which he was indicted was committed in consequence of that

mental illness. See United States v. Currens, 290 F.2d 751 (3d Cir. 1961). The government, to meet its burden of proof on the issue of sanity, relied on the observations of persons who saw and dealt with Bellott shortly after the event. With respect to the expert testimony and the government's burden the trial court, in an opinion dealing with post-verdict motions said:

"Apropos the government's burden of proof, there is no question but that . . . the defendant came forward with a sufficient quantum of evidence to overcome the presumption of sanity. The defendants',[1] challenge to their convictions must be met and dealt with on the clear understanding that it was incumbent upon the government to prove the mental competence of each defendant beyond a reasonable doubt.

\* \* \*

Defendant Bellot . . . at the threshold argues that new trial relief should be granted him as a matter of course inasmuch as the court should have instructed the jury, as a matter of law, that defendants had sufficiently raised the question of the mental illness to cause the burden to shift to the government." (Memorandum Opinion at 3–4).

Bellott's position on the post-verdict motion is consistent with Defendant's Requested Instruction No. 5, Bellott requested a charge:

"In this case, the issue of the mental capacity of the defendant to commit the criminal act alleged in the complaint—that is, the question of whether or not his conduct resulted from a mental illness—has been sufficiently raised by the defendant, and the burden of proving sanity as an element of this case beyond a reasonable doubt is on the prosecution."

The trial court rejected this charge and the instruction given follows:

"Now, Dr. Hogan has testified that in his professional opinion the man is mentally ill and that in his professional opinion the

---

[1] The opinion dealt with two defendants.

man was mentally ill in December of 1970 and that in his professional opinion the acts with which this man is charged were done by him in consequence or as a consequence of that mental illness. This is for you to determine. Without encroaching on your province as finders of fact and without suggesting that you find that to be the fact, I do suggest only that this is a sufficient quantum of evidence which you might regard as causing the burden of proof to shift to the Government. It may or may not be enough to warrant a verdict of not guilty by reason of mental illness. It may or may not be enough even to cause the burden to shift when you assess it, but in commenting on the evidence, as is my right to do and as I have said you may reject, but by way of suggestion to you I think it at least satisfies the requirement that the burden should shift.

*      *      *

. . . To sum up then that charge, this portion of the charge, if you find that the testimony of the experts called by the defense sufficiently raises the question of the defendant's soundness, then the burden shifts to the prosecution and you must then search the evidence to see whether the prosecution has satisfied you beyond a reasonable doubt that the defendant had the mental capacity to commit the offense charged or any of the lesser included, because it stands to reason if he hadn't the mental capacity to commit the offense charge then he hadn't the mental capacity to commit any of the lesser included." (Tr. at 253, 255).

■ The effect of this charge was to place upon the defendant a burden of proof on the issue of his capacity to commit the offense, which he must first overcome before the government has the burden of establishing sanity beyond a reasonable doubt. That charge was improper.

■ In Davis v. United States, 160 U.S. 469 (1895), the Court considered a charge:

"You are to be satisfied beyond a reasonable doubt of the guilt of this defendant before you convict. When you start into a trial of a case, as I have already told you, you start in with the presumption of sanity. Then comes in the responsibility resting upon the defendant to show his condition; to show his irresponsibility under the law. He is required to show that—to your reasonable

satisfaction, I say, to your reasonable satisfaction—that it is a state of case where he is excusable for the act." 160 U.S. at 478.

## Reversing, Justice Harlan, for a unanimous court wrote:

"We are unable to assent to the doctrine that in a prosecution for murder, the defense being insanity and the fact of the killing with a deadly weapon being clearly established, it is the duty of the jury to convict where the evidence is equally balanced on the issue as to the sanity of the accused at the time of the killing. On the contrary, he is entitled to an acquittal of the specific crime charged if upon all the evidence there is reasonable doubt whether he was capable in law of committing crime.

\* \* \*

In a certain sense it may be true that where the defense is insanity, and where the case made by the prosecution discloses nothing whatever in excuse or extenuation of the crime charged, the accused is bound to produce some evidence that will impair or weaken the force of the legal presumption in favor of sanity. But to hold that such presumption must absolutely control the jury until it is overthrown or impaired by evidence sufficient to establish the fact of insanity beyond all reasonable doubt or to the reasonable satisfaction of the jury, is in effect to require him to establish his innocence, by proving that he is not guilty of the crime charged.

\* \* \*

Strictly speaking, the burden of proof, as those words are understood in criminal law, is never upon the accused to establish his innocence or to disprove the facts necessary to establish the crime for which he is indicted. It is on the prosecution from the beginning to the end of the trial and applies to every element necessary to constitute the crime. Giving to the prosecution, where the defense is insanity, the benefit in the way of proof of the presumption in favor of sanity, the vital question from the time a plea of not guilty is entered until the return of the verdict, is whether upon all the evidence, by whatever side adduced, guilt is established beyond reasonable doubt. If the whole evidence, including that supplied by the presumption of insanity, does not exclude beyond reasonable doubt the hypothesis of insanity, of

185

which some proof is adduced, the accused is entitled to an acquittal of the specific offense charged."

160 U.S. at 484, 486–88. See also Davis v. United States, 165 U.S. 373, 378 (1897); Matheson v. United States, 227 U.S. 540 (1913).[2] It is true that the presumption of sanity relieves the prosecutor of adducing affirmative evidence of sanity until some evidence of insanity is offered from some source. If no such evidence is introduced the court need not charge on the insanity issue. Whether the charge is appropriate in a given case is a matter to be decided by the court. But once some evidence of insanity is introduced, either in the government's case or by the defense, the correct charge is that, as with all other elements of the offense, the government has the burden of proof beyond a reasonable doubt. The confusion here arose from the fact that the trial court treated the presumption of sanity as if it imposed the burden of proof to some degree upon the defendant. As United States v. Davis, supra, makes clear, it does not. When in United States v. Currens, supra the Third Circuit concluded that the Supreme Court would not in 1961 follow the apparent approval by the Davis Court of the M'Naghten rule it cast no doubt whatever upon the continued validity of Davis insofar as that case dealt with burden of proof. See 290 F.2d at 767.

This court has not, so far as we have been able to find, considered the precise issue here presented. We have, however, dealt with two analogous problems, and our opinions suggest that the charge was error. In United States v. Allegrucci, 258 F.2d 70 (3d Cir. 1958), we dealt with the so-called "presumption" that unexplained possession of recently stolen goods permitted an inference of

---

[2] Our decision requiring that the Virgin Islands follow the federal rule of Davis v. United States, supra should not be understood as a holding that state courts may not use a charge imposing some burden on a defendant with respect to an insanity defense. See Leland v. Oregon, 343 U.S. 790 (1952).

guilty knowledge. The trial court charged that "possession of recently stolen goods casts upon those holding them the burden of explaining their possession." See 258 F.2d at 72. We reversed, holding that such a charge shifted to the defendant the burden of proof on an element of the offense rather than merely permitting an inference to be weighed along with other evidence in determining whether the government had proved the case beyond a reasonable doubt. In United States v. Barrasso, 267 F.2d 908 (3d Cir. 1959), and United States v. Marcus, 166 F.2d 497 (3d Cir. 1948), we dealt with the so-called "alibi" defense. Both cases rejected a charge that the defendant's testimony must be believed by the jury in order to raise a reasonable doubt. The rule is that once evidence of alibi is in the case the defendant is entitled to a charge that the government's burden of proof includes this defense as well as other elements. Thus, we conclude that there has been no departure from the Davis rule that the court's charge on sanity cannot place any part of the burden of proof on the defendant.

■ This is not to say that the jury may not be told that there is a presumption of sanity. As the Davis case makes equally clear, that presumption is one of those circumstances of ordinary life which the jury may take into account in weighing all of the evidence to determine whether the government has proved guilt beyond a reasonable doubt. The Tenth Circuit in Otney v. United States, 340 F.2d 696 (10th Cir. 1965), has held that the court may not in charging the jury even refer to the presumption of sanity. That holding seems to go beyond what is required by Davis v. United States, supra. We hold that (1) the court must determine whether there is some evidence, either in the government's or the defendant's case, that his act was a consequence of mental illness; (2) if it so finds the court must then instruct the jury that the government throughout the trial has the burden of proving beyond a reason-

187

able doubt that the offense was not the consequence of a mental illness;[3] (3) if it so finds, the court should also instruct the jury that there is a presumption of sanity which it may take into account along with all the evidence in the case in determining whether the government has proved beyond a reasonable doubt that the offense was not the consequence of a mental illness. Since the charge as given placed on the defendant a burden of convincing the jury that the government had the burden of proof on sanity, Bellott must be afforded a new trial.

Bellott contends, however, that he is entitled to a judgment of acquittal because the evidence of his mental condition, as related by the defense experts to the offense, was such that no reasonable man could conclude that the government had met its burden beyond a reasonable doubt. The thrust of his argument is that because he produced expert testimony and the government did not the only reliable evidence of his mental condition suggested that the event was the product of a mental illness. We reject this contention. In addition to the presumption of sanity, there is in the record considerable lay testimony suggesting sanity at the time in question. Bellott contends that lay testimony cannot meet the government's burden in the face of defense expert opinion evidence. This contention was rejected by the Eighth Circuit in Dusky v. United States, 295 F.2d 743 (8th Cir. 1961), in which Judge (now Justice) Blackmun reiterated the continued validity of the general rule that properly qualified lay witnesses may testify as to the sanity of an accused and that such testimony is sufficient to satisfy the burden of the prosecution even though there is contrary expert opinion. Bellott urges that in a jurisdiction such as the Virgin Islands where the Currens rather than the M'Naghten standard

---

[3] This must be done in language equivalent to that approved in United States v. Currens, supra.

of criminal responsibility applies the rule should be otherwise. Cf. United States v. Brawner, 471 F.2d 969, 994 (D.C. Cir. 1972). We need not decide that issue on this appeal, however, because in addition to the testimony of lay witnesses there is extensive cross-examination of the experts casting considerable doubt upon the factual premises upon which their opinion rested. Since the experts conceded that if the factual premises were incorrect their opinions would be different there is ample evidence from which reasonable men could have rejected their opinions entirely. Thus, we reject Bellott's contention that we should reverse his conviction and direct the entry of a judgment of acquittal. That is not to suggest that we think it good prosecutorial practice to rely on cross-examination of experts called by the defendant when the government has prior notice of an insanity defense. Prudence dictates that government expert testimony on the Currens defense be available for the jury's enlightenment.

The judgment of sentence will be reversed and the case will be remanded to the District Court of the Virgin Islands for a new trial.