## UNITED STATES

v.

**Freddie L. STAFFORD, 267–02–1665, Staff Sergeant (E–6), U.S. Marine Corps.**

**NMCM 85–4565.**

U.S. Navy-Marine Corps Court of Military Review.

25 June 1986.

LTCOL RICHARD E. OUELLETTE, USMC, Appellate Defense Counsel.

CAPT H.C. LASSITER, USMCR, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MIELCZARSKI and DECARLO, JJ.

MIELCZARSKI, Judge:

Appellant pleaded guilty to charges alleging wrongful possession of 26 grams of marijuana and multiple instances of wrongful distribution of marijuana (violations of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a) in return for a pretrial agreement sentence limitation which capped confinement at seven years. Appellant pleaded not guilty to unrelated charges alleging the sale and the attempted sale of brass rifle casings, government property from the Marine Corps Recruit Depot at Parris Island, South Carolina, and the making of a false sworn statement concerning the matter (violations of Articles 108, 80, and 134, UCMJ, 10 U.S.C. §§ 908, 880, 934, respectively). Findings of guilty to all charges and specifications were returned and the general court-martial composed of officer and enlisted members sentenced appellant to confinement for one year, forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad conduct discharge. The convening authority approved the findings and the sentence without modification.

Appellant's sole assignment of error to this Court is that the military judge improperly instructed the members on the defense of alibi. We find the assignment to have merit and set aside the findings of guilty to the affected charges.

I

*Assignment of Error*

THE MILITARY JUDGE IMPROPERLY INSTRUCTED THE MEMBERS OF THE COURT THAT THE DEFENSE OF ALIBI MUST BE PROVEN BEYOND A REASONABLE DOUBT.

The sale and the attempted sale of the brass rifle casings allegedly occurred on the 12th and the 19th of January 1985, respectively. Mr. John Storey of Atlantic Scrap Metal located in Savannah, Georgia, testified that he purchased brass rifle casings from an individual on 12 January who signed a receipt for the money tendered in payment. The same individual returned to Atlantic Scrap Metal on 19 January and attempted to sell additional brass casings, but Mr. Storey made no purchase because

he lacked funds. Mr. Storey could not positively identify the appellant as the seller, but he did record the individual's automobile license plate number, which he provided to government investigators. The latter determined that the vehicle was registered in appellant's name. A government handwriting expert testified that there were "strong indications" that the receipt signed on 12 January was signed by the appellant. Appellant was assigned to personnel working at the Recruit Depot rifle range where large quantities of brass rifle casings were routinely collected and stored awaiting future disposal sale by the Government as scrap metal.

In his own defense appellant denied that he sold or attempted to sell the brass casings and testified that he was alone in his trailer residence in Beaufort, South Carolina, on 12 January and with a Staff Sergeant Dillard on the 19th of January. Staff Sergeant Dillard testified that he was with appellant at Laurel Bay, South Carolina, on 19 January while the two of them repaired appellant's disabled automobile.

Trial defense counsel requested an instruction on alibi. The military judge agreed to give an instruction, but requested that defense counsel provide him with a tailored instruction. Defense counsel submitted a handwritten instruction, which was examined without comment by the trial counsel. The military judge did not make the submitted instruction a part of the record, but he did inform defense counsel that he would give the instruction to the members and stated "... if it [the alibi instruction] is not satisfactory and not in conformance with what you gave me, then just object to it, and we'll litigate it, or resolve it at that time," and also "[b]ut, I do plan to give it as you've written it ... [u]nless the government has some objection." Thereafter, the military judge gave the following instruction to the members.

Now, the evidence has raised the defense of alibi in relation to the offenses of violations of Article 80—that's the attempt under Charge I and its specification; Article 108, that's the selling of military property as alleged in Charge II and its specification; and of the false swearing as set forth in Charge IV and its specification. Now, alibi means that the accused could not have committed the offenses charged because the accused was at another place when the offenses occurred. Alibi is a complete defense to the offenses of Articles 80, 108, and 134. In this regard, there has been testimony that on 12 January 1985, Staff Sergeant Stafford was at home in his trailer at Lot Number 4, Town and Country Trailer Park; and that Staff Sergeant Stafford and Staff Sergeant Dillard were in the Beaufort, South Carolina—were in Beaufort, South Carolina, on the 19th of January 1985. On that day, Staff Sergeant—there was testimony that Staff Sergeant Stafford's car broke down around 1100, and that Staff Sergeant Dillard and Staff Sergeant Stafford spent until mid-afternoon working on the car; that after Staff Sergeant Stafford contacted, that—excuse me—thereafter, Staff Sergeant Stafford contacted his girlfriend, Ms. Callen, by telephone, from Staff Sergeant Dillard's residence.

The burden is upon the prosecution to establish the guilt of the accused. *If you are convinced beyond a reasonable doubt that the accused was present on 12 January at his trailer, and on 19 January 1985, in Beaufort, under the circumstances described, the defense of alibi exists.* However, if you are convinced beyond a reasonable doubt that the accused was present at the Atlantic Scrap Metal Center located in Savannah, Georgia, at those days, or at those times, the defense of alibi does not exist. [Emphasis supplied].

No objection to this instruction was registered at trial.

Appellant now contends that this instruction is erroneous because it informs the members that the defense must prove "beyond a reasonable doubt" that he was not in Savannah, Georgia. In its reply the Government acknowledges the error; but relies on *United States v. Fisher,* 21 M.J.

327 (C.M.A. 1986), and maintains that the erroneous instruction is harmless, if the military judge's instructions are considered in their totality. The Government reasons that the military judge's one misstatement is so well "boxed in" by correct instructions on reasonable doubt, burden of proof, and requirements for the Government to prove each element of each offense beyond a reasonable doubt that there is "no risk that a slip so fleeting would cause officer members [sic] to lose sight of the presumption of innocence, a tenet most basic to the American heritage." Government Brief at 6.

## II

Alibi is a term used to meet the general issue of guilt, and applies particularly to a claim that the accused was elsewhere when the crime was committed. Evidence that the accused was elsewhere at the time of the commission of the crime lays the foundation for the necessary inference that the accused could not have committed the act. Thus, alibi evidence is rebuttal evidence directed to that part of the prosecution case which tends to identify the accused as the person who committed the alleged offense. *See United States v. Martin*, 15 C.M.R. 796, 804 (AFBR 1954). *See generally* 1 WHARTON'S CRIMINAL LAW § 43 (C. Torcia 14th ed. 1978); 75 *Am. Jur.2d, Trial*, § 729–737 (1974).

■ A military judge has no *sua sponte* duty to instruct on alibi. *United States v. Bigger*, 2 U.S.C.M.A. 297, 302, 8 C.M.R. 97, 102 (1953). But where the evidence raises an issue of alibi and the defense requests an instruction thereon, a military judge is obligated to give a proper and adequate instruction on the issue. *United States v. Jones*, 7 M.J. 441, 443 (C.M.A.1979); *United States v. Moore*, 15 U.S.C.M.A. 345, 347, 35 C.M.R. 317, 319 (1965). It is error to instruct, as here, that the evidence must prove the truth of the alibi. *United States v. Booz*, 451 F.2d 719, 721–22 (3d Cir.1971) *cert. denied*, 414 U.S. 820, 94 S.Ct. 45, 38 L.Ed.2d 52; *United States v. Barrasso*, 267 F.2d 908 (3d Cir. 1959).

■ An accused in a criminal proceeding need not prove anything. The burden of proving an accused's guilt is beyond a reasonable doubt and that burden is on the prosecution. *See* Article 51(c), UCMJ, 10 U.S.C. § 851(c); R.C.M. 920(e)(5). Thus, the requirement is that where the evidence raises an issue of alibi, an accused is entitled to an acquittal, if on all the evidence, including the evidence relating to an alibi, there is a reasonable doubt as to his guilt. *See generally*, 75 *Am. Jur. 2d Trial* § 735. In other words, in a successful alibi defense the evidence need do no more than to create in the mind of the trier of fact a substantial doubt concerning the accused's whereabouts at the time in question. *United States v. Booz, supra* ; *United States v. Barrasso, supra.* The Government, on the other hand, must convince the trier of fact that the alibi is not true in order to establish beyond reasonable doubt that the accused committed the offense at the time and place alleged.

In reply to the assignment of error the Government reasons that the erroneous alibi instruction in the case at bar is harmless because the remainder of the military judge's instructions on reasonable doubt, burden of proof, presumption of innocence, and the elements of the offenses are all correct. This argument is no more than a variation of a theme considered and rejected in the cases of *Jones, Moore,* and *Martin, supra. But cf. Bigger, supra; United States v. Boyd,* 17 M.J. 562 (A.F.C.M.R. 1983). In the *Jones, Moore,* and *Martin* cases the evidence raised an issue of alibi, the defense requested an alibi instruction, and no alibi instruction was given. The Government defended on appellate review by arguing that the omitted alibi instruction was superfluous because the instructions on reasonable doubt, burden of proof, presumption of innocence, and the elements of the offenses were sufficient to frame the issue of whether the accused committed the offense, thereby establishing his

presence at the scene of the crime at the time in question.

 The Court of Military Appeals (and the *Martin* board of review) rejected this argument because there was a risk that without the alibi instruction the members might infer that the accused had assumed the burden of proving the alibi defense. In the present case there is more than a risk of an inference of a shifting of the burden of proof to the appellant; the military judge so instructed the members. The error in fact can be no less prejudicial than the error as a possibility.

Accordingly, the findings of guilty as to the Article 112a violations are affirmed. The findings of guilty as to the Article 80, 108, and 134 violations and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing is authorized (on findings or, if the affected charges are dismissed, on sentence alone).

Senior Judge COUGHLIN and Judge DECARLO concur.