Denison **BELLOT** a.k.a. Denison Bellot Dorset, Appellant,

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

No. D.C.CRIM.APP.2001–25.

District Court, Virgin Islands, Appellate Division, D. St. Thomas.

Considered: May 16, 2003.

July 28, 2003.

Nancy D'Anna, Esq., St. John, PR, for Appellant.

Maureen Phelan, Esq., Assistant Attorney General, Department of Justice, St. Thomas, PR, for Appellee.

Before RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and DARRYL DEAN DONOHUE, Judge of the Territorial Court, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

## I. SUMMARY

Appellant Bellot argues that the Territorial Court abused its discretion by improperly denying appellant's motion for acquittal because he suffered from a mental illness, and that his actions were a direct result of that illness. Because the trial court's findings of fact are not clearly erroneous, this Court will affirm Bellot's conviction.

## II. FACTUAL AND PROCEDURAL HISTORY

On September 18, 1998, at 3 A.M., Denison Bellot ["Bellot" or "appellant"] entered Percy's Bus Stop, a restaurant on St. Thomas, by climbing through a skylight. (App.26.) Virgin Islands police officers, responding to an activated alarm, saw appellant squeeze through an iron gate. (*Id.* 26–27.) The police told appellant to stop, but he ran off on foot. Appellant fired a gun at the police as he fled. (*Id.* 38–40.) The police then apprehended appellant.

The territorial court granted appellant's motion for a psychiatric examination on January 26, 1999. (*Id.* 12–14.) Ake Mattsson, M.D., examined appellant on February 25, 1999. Dr. Mattsson found appellant incompetent to stand trial. The court remanded appellant to the custody of the Commissioner of Health for placement in the Neuropsychiatric Unit at the Roy Lester Schneider Hospital for treatment. The court further ordered that appellant be examined concerning his competency to stand trial by Dr. Leighmin Lu. (*Id.* 15–17.)

Appellant was treated by Dr. Lu at Schneider Hospital. At a competency hearing on July 2, 1999, Dr. Lu testified that appellant was lucid and competent to stand trial. The court ordered that appellant be released from Schneider Hospital and be remanded to the Bureau of Corrections. (*Id.* 10–11.) On October 1, 1999, the court ordered that Dr. Olaf Hendricks perform a psychiatric examination of appellant. (*Id.* 8–9.) Dr. Hendricks examined appellant and rendered an opinion on September 7, 2000, that appellant was competent to stand trial and able to assist in his own defense. (Appellant Br. 2.) The court concluded that further hearing that appellant was competent to stand trial. (*Id.* 3.)

Appellant's case came before the territorial court at a bench trial on June 25, 2001. (App.21.) Appellant presented the testimony of Dr. Mattsson regarding his competency at the time the act was committed. Dr. Mattsson testified that at the time of the incident, appellant suffered from delusions and was unable to appreciate the unlawfulness of his acts. (*Id.* 50–65.) The Government presented the evidence of Dr. Lu, who was of the opinion that the crime committed was not the result of appellant's mental disorder. (*Id.* 71–84.)

The court concluded that at the time the criminal acts were committed, appellant suffered from a self-induced delusional disorder, but that appellant's acts were not related to his mental disorder. (*Id.* 97–114.) Bellot was found guilty of violation of 14 V.I.C. § 297(3) (assault in the third degree); 14 V.I.C. § 2253(a) (possession of unlicensed firearm); 14 V.I.C. § 295(1) and 14 V.I.C. § 331(2) (assault with intent

to commit murder); and 14 V.I.C. § 441(1) (burglary in the third degree). App. 1–2. On August 17, 2002, appellant was sentenced to a total of ten years incarceration. (App.2.)

## III.  DISCUSSION

### A.  Jurisdiction and Standard of Review

This Court has jurisdiction to consider the judgments and orders of the territorial court in criminal cases. 4 V.I.C. § 33; Section 23A of the Revised Organic Act of 1954.[1]

▮ Whether a defendant is suffering from a mental disease or defect is a factual question to be resolved by the trier of fact. *Government of Virgin Islands v. Fredericks*, 578 F.2d 927, 932 (3d Cir.1978).

▮ The trial court's findings of fact must be upheld on appeal unless they are found to be clearly erroneous. 4 V.I.C. § 33 ("Findings of fact shall not be set aside unless clearly erroneous.").

We thus do not reverse a trial court's factual determination "unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." A trial court's finding of fact is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. The appellate court should be especially deferential to the trial court's findings of fact based on witness credibility.

*Georges v. Virgin Islands*, 119 F.Supp.2d 514, 519–20 (D.Virgin Islands 2000) (citations omitted).

### B.  Whether the Trial Judge Erred in Finding that Appellant's Conduct Was Not a Product of Mental Disease

▮ On appeal, Bellot avers that the trial court erred in finding that the government met its burden to prove that the appellant was sane at the time of the crime or that the crime was not a result of appellant's mental illness. Under Virgin Islands law, an actor lacks capacity to commit a crime if at the time of the crime he was "mentally ill," and "committed the act charged against him in consequence of such mental illness." 14 V.I.C. § 14(4). "[T]he Virgin Islands code requires not only that defendant be mentally ill, but additionally that there be a sufficient nexus, or causative link, between the mental disease and the act in question." *Government of Virgin Islands v. Crowe*, 391 F.Supp. 987, 990 (D.Vi.1975), *aff'd without op.* 529 F.2d 511 (3d Cir.1975). Once the defendant offers evidence to this effect, the government must prove beyond a reasonable doubt that he was not suffering from a mental illness, or that if he was, that it did not somehow cause him to commit the act in question.

In this case, Dr. Mattsson examined appellant on three occasions: the first, about nine months before the crime, the second, about five months before the crime, and finally about five months after the crime. (App.52.) Dr. Mattsson believes that appellant was not oriented to time, place or person when Dr. Mattsson interviewed him five months after the crime. (*Id.* 55.) At the time of this examination, appellant had not received any medication since the time of his arrest. (*Id.* 59.) Dr. Mattsson testified that with a fair degree of medical

---

**1.** *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted* *in* V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1).

certainty, appellant's medical condition would have been the same on the date of his arrest as it was at the time of his February 25, 1999 examination.

The government's witness, Dr. Lu, has been the defendant's treating psychiatrist and has interviewed him seventeen times since 1996. (*Id.* 71–72.) Dr. Lu concluded that Bellot is not schizophrenic, but rather suffers from a substance-induced delusional disorder. (*Id.* 77–79.) Dr. Lu testified that while this disorder is a form of mental illness, it did not cause him to commit the crime. (*Id.* 81, 83, 89, 94.)

The trial court, basing its findings on Dr. Lu's testimony together with the evidence of Bellot's actions on the night of the crime (arming himself, trying to escape, shooting at the police), found that although he suffers from a substance-induced delusional disorder, his crimes were not a result of the disorder. (*Id.* 112–13.)

The Court of Appeals for the Third Circuit has held that "the decision of whether a defendant is affected by a mental disease or defect rests with the [fact finder]'s evaluation of all lay and medical evidence in the case." *Government of Virgin Islands v. Fredericks*, 578 F.2d 927, 932 (3d Cir. 1978). *See also United States v. Currens*, 290 F.2d 751, 772–74 (3d Cir.1961); *Government of the Virgin Islands v. Bellott*, 495 F.2d 1393, 1397–98 (3d Cir.1974). The trial judge was in the best position to evaluate the competing claims of the witnesses. His conclusions are supported by the evidence and will not be disturbed on appeal.

## IV. CONCLUSION

Because the territorial court's finding are adequately supported by the evidence, this Court should find that the trial judge did not err and affirm Bellot's conviction.

## ORDER OF THE COURT

**AND NOW,** this 28th day of July, 2003, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

**ORDERED** that the decision of the Territorial Court is **AFFIRMED.**

