

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2006

# USA v. Northcutt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2343

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Northcutt" (2006). *2006 Decisions.* Paper 1090.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1090

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2343

———

UNITED STATES OF AMERICA,

Appellee

v.

LEDARRO NORTHCUTT,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00072)
District Judge: Honorable Alan N. Bloch

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 17, 2006

Before: RENDELL, VAN ANTWERPEN, and WEIS, Jr., Circuit Judges

(Filed May 18, 2006)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

Ledarro Northcutt was charged in a three-count indictment with (1) possessing

crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) &

841(b)(1)(C) (Count One); (2) being a felon in possession of a firearm in and affecting interstate commerce, in violation of 18 U.S.C. §922(g)(1) (Count Two); and (3) carrying/using a gun during or in relation to the drug trafficking crime and possessing a gun in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). A jury in the Western District of Pennsylvania convicted Northcutt on all three counts.

Before us now is Northcutt's appeal from that conviction, in which he contends the evidence was insufficient; the jury instructions did not convey that the government bore the ultimate burden of proof on his alibi defense; the jury instructions did not properly convey how the jury was to analyze whether he possessed the crack cocaine; and the jury instructions constructively amended his indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

**I.**

Because we write solely for the parties, we set forth only those facts necessary to our analysis. We construe them in the light most favorable to the government, as we must following the jury's guilty verdict. Glasser v. United States, 315 U.S. 60, 80 (1942).

On September 5, 2003, two Pittsburgh Police Officers were conducting surveillance of a black 1986 Ford Mustang, registered to a Renita Freeman, and its driver, appellant Northcutt, with whom the officers were familiar. When Northcutt drove the car to an intersection and turned – without stopping at a stop sign – onto a bridge, the

2

officers stopped the Mustang.

One of the officers went to the car and asked Northcutt for identification, but Northcutt "hit the gas and fled at a high speed." App. 67. The officers pursued the Mustang and ultimately located it one-half mile from where they had stopped it. Finding the car unoccupied, one of the officers shined his flashlight into the interior and saw a pistol in the front seat area, later found to be loaded. The car was towed and inventoried, and the inventory search led to the discovery of 50 pieces of crack cocaine in the car's armrest along with various papers in the glove box with Northcutt's name on them.

After the officers resumed their patrol that night, they received a radio call requesting a response to the Mustang's registration address. The officers proceeded to that address, where Renita Freeman, the registered owner of the Mustang, told them that she had left her keys in the car and that the car had been stolen. The officers heard rustling noises from upstairs, and Freeman became nervous and said she had to get her eleven-year-old daughter. Concerned for the safety of Freeman's daughter and believing that Northcutt was in the house, the officers went upstairs, where they found Northcutt hiding in a bed, pretending to be asleep. The officers then arrested Northcutt, who told them he would "take the beef" regarding the gun and drugs. Northcutt was then indicted for possessing with intent to distribute less than 5 grams of a mixture and substance containing crack cocaine (in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)); possession of a firearm by a convicted felon (in violation of 18 U.S.C. §922(g)(1)); and

3

carrying a firearm during and in relation to a drug trafficking crime and possession of a

firearm in furtherance of the drug trafficking (in violation of 18 U.S.C. § 924(c)(1)(A)).

At trial, Freeman testified that Northcutt was watching television at home when all

relevant events occurred. The jury heard testimony that Northcutt told police officers he

purchased the crack cocaine and broke it into 50 smaller pieces, planning to resell the

smaller pieces at a profit, which actions were not consistent with personal use. The jury

found Northcutt guilty on all three counts and he was sentenced to 270 months in prison.

## II.

### A.

Northcutt first argues the evidence was insufficient for the jury to conclude that he

possessed a firearm in furtherance of the drug trafficking crime. He contends the

evidence lacked the necessary specific nexus between this specific firearm and this

specific drug crime. We review the sufficiency of the evidence in the light most

favorable to the government following a jury verdict in its favor. United States v.

Antico, 275 F.3d 245, 260 (3d Cir. 2001). This is a "heavy burden" for Northcutt.

United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990) (citation omitted).

This court addressed the meaning of possession of a gun "in furtherance of a

crime" in United States v. Sparrow:

> "Under § 924(c), "the 'mere presence' of a gun is not enough. What is instead
> required is evidence more specific to the particular defendant, showing that his or
> her possession actually furthered the drug trafficking offense . . . Put another way,
> the evidence must demonstrate that possession of the firearm advanced or helped

4

forward a drug trafficking crime."

371 F.3d 851, 853 (3d Cir. 2004).  In making this determination, several non-exclusive factors are relevant:

> "[T]he type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found."

Id.

With these factors in mind, and viewing the evidence in the light most favorable to the government, the jury had sufficient evidence from which to conclude Northcutt possessed the gun "in furtherance" of the drug trafficking crime.  First, the loaded gun was located in the front seat area of Northcutt's car, an easily accessible location.  See United States v. Mackey, 265 F.3d 457, 462 (6th Cir. 2001) (observing that "in furtherance of" prong of § 924(c) requires that the "firearm [ ] be strategically located so that it is quickly and easily available for use").  Other courts of appeals have upheld § 924(c) convictions where the guns at issue were less accessible than the gun in this case.  United States v. Castillo, 406 F.3d 806, 817 (7th Cir. 2005) (shotgun in basement storage area); United States v. Garner, 338 F.3d 78, 80-81 (1st Cir. 2003) (firearms in hole in wall of basement of apartment building); United States v. Luciano, 329 F.3d 1, 6 (1st Cir. 2003) (firearms found in crawlspace in ceiling of apartment).

Moreover, the other factors identified in Sparrow are also present.  The gun was located in close proximity to the drugs found in the Mustang's glove box; the gun was

5

loaded; and Northcutt, a convicted felon, could not legally possess the gun. Accordingly, the jury had sufficient evidence to conclude the gun was possessed in furtherance of the crime, in violation of 18 U.S.C. § 924(c)(1)(A).

**B.**

Next, Northcutt challenges the District Court's jury instructions. We exercise plenary review over the legal correctness of jury instructions, Antico, 275 F.3d at 255, while we review a refusal to give a particular instruction as well as the instructions' wording for abuse of discretion. United States v. Coyle, 63 F.3d 1239, 1245 (3d Cir. 1995). Jury instructions do not constitute reversible error so long as "taken as a whole and viewed in the light of the evidence, [the instructions] fairly and adequately submit the issues in the case to the jury [without confusing or misleading the jurors]." United States v. Simon, 995 F.2d 1236, 1243 n.9 (3d Cir. 1993) (citations omitted).

**1.**

Northcutt argues the jury instruction regarding his alibi of watching television at Freeman's house during the events at issue was incorrect. The jury instruction regarding the government's burden to prove Northcutt's whereabouts read as follows:

> You've also heard evidence that the defendant was not present at the time and place when the crimes charged are alleged to have been committed. *It is the government's burden to prove beyond a reasonable doubt each and every element of the offenses*, as the Court has defined those elements, *including that the defendant was present at the time and place that the offenses are alleged to have occurred*.

6

> If, after you consider all the evidence in this case, you have a reasonable doubt about whether the defendant was present at the time and place where the crimes allegedly occurred, then you must acquit him.

App. 201-02 (emphasis added). Northcutt claims this instruction was erroneous because it did not inform the jury that the government bore the burden of proving beyond a reasonable doubt that Northcutt's alibi (that he was watching television in Freeman's home at the time of the car chase) was not true.

Northcutt is correct in asserting that, "on the issue of alibi, the government ha[s] to convince the jury beyond a reasonable doubt that the alibi was not true." United States v. Booz, 451 F.2d 719, 723 (3d Cir. 1971); see also United States v. Barrasso, 267 F.2d 908, 910-11 (3d Cir. 1959) (jury must be instructed "that the government's burden of proof covers the defense of alibi, as well as all other phases of the case"). Here, that requirement was satisfied because the jury instruction properly informed the jury that while Northcutt presented evidence he was elsewhere at the time of the crime, the government bore the ultimate burden of proving that Northcutt was present at the time and place that the charged offenses allegedly occurred. Because the instruction fairly presented the burden of proof, the absence of the word "alibi" from the instruction does not constitute reversible error. See Simon, 995 F.2d at 1243 n.9 ("[T]he mere absence of the word, "alibi," in the district court's charge would not, alone, amount to reversible error, so long as the charge otherwise provided a clear articulation of the relevant legal criteria for a jury's evaluation of an alibi defense.") (quotations and alterations omitted).

7

**2.**

The District Court also instructed the jury on constructive possession relating to the charge of possession with the intent to distribute crack cocaine:

> The term 'possess' or 'possession' means to own or exert control over. The law recognizes two kinds of 'possession'; actual possession and constructive possession.
>
> A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it. A person, who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise *dominion or control* over a thing, either directly or through another person or persons, is then in constructive possession of it.

App. 193-95 (emphasis added). Northcutt argues this instruction was incorrect because it should have stated "dominion *and* control," not "dominion *or* control." Br. at 24.

We disagree. Jury instructions that define constructive possession as "dominion *or* control over a thing" instead of "dominion *and* control over a thing" are permissible. United States v. Rogers, 41 F.3d 25, 30 & n.5 (1st Cir. 1994); United States v. Balanga, 109 F.3d 1299, 1302 (8th Cir. 1997). Accordingly, we perceive no legal error in the District Court's use of "or" instead of "and" in the possession instruction.

**C.**

Finally, Northcutt argues the jury instructions constructively amended his indictment because the indictment charged him with carrying or using a firearm during or in relation to the drug trafficking offense *and* possession of a firearm in furtherance of the offense (Count Three), but the jury instructions stated he had been charged with

8

carrying *or* using a firearm during or in relation to the drug trafficking offense *or* possession of a firearm in furtherance of the offense. Because Northcutt did not raise this issue at trial, we review for plain error. United States v. Dobson, 419 F.3d 231, 236 (3d Cir. 2005).

Constructive amendment occurs where a variance between the indictment and jury instructions deprives a defendant of his substantial right to be tried only on charges presented in an indictment returned by a grand jury. United States v. Syme, 276 F.3d 131, 148 (3d Cir. 2002) (citations omitted). Constructive amendments are presumed prejudicial, even in the plain error context. Id.

We discern no error here. Northcutt's indictment charged him with violating *both* prongs of § 924(c), and the jury instruction stated that he had been charged with violating *either* prong of § 924(c). Thus, the jury instructions did not charge Northcutt with criminal liability for any crime other than that charged in the indictment. See United States v. Thomas, 274 F.3d 655, 670 (2d Cir. 2001) (constructive amendment occurs when the terms of the indictment are effectively modified by the court's actions such that "there is a substantial likelihood that the defendant may have been convicted of an offense *other than that charged in the indictment*") (emphasis added). Moreover, the indictment placed Northcutt on notice of the § 924(c) charge, and Northcutt does not allege that he was uncertain about the nature of the charges asserted against him. See United States v. Avery, 295 F.3d 1158, 1177 (10th Cir. 2002) (rejecting claim of

9

constructive amendment to indictment where defendant failed to "allege that he was misled about the substance of the crime for which he was being charged"). Accordingly, the jury instructions did not constitute constructive amendment of Northcutt's indictment.

## III.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.