UNITED STATES, Appellee,

v.

Specialist Five Michael E. TAYLOR, 411–94–5729, United States Army, Appellant.

SPCM 18947.

U.S. Army Court of Military Review.

8 Dec. 1987.

For Appellant: Colonel William G. Eckhardt, JAGC, Colonel R. Rex Brookshire II, JAGC, Lieutenant Colonel Arthur L. Hunt, JAGC, Major Robert M. Ott, JAGC, Major

Allan L. Placke, JAGC, Captain Thomas J. Feeney, JAGC, Captain Bernard P. Ingold, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Captain Thomas J. Benjamin, JAGC (on brief).

Before FELDER, KING,* and ROBBLEE, Appellate Military Judges.

## MEMORANDUM OPINION ON FURTHER REVIEW

### PER CURIAM:

Contrary to his plea, a special court-martial composed of members convicted appellant of homosexual sodomy on a fellow soldier on 30 November 1982. His sentence to a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $382.00 pay per month for two months, and reduction to Private E–1 was approved by the convening authority, Major General (MG) Thurman E. Anderson.

During both the merits stage of the trial and the sentencing proceedings, the appellant produced extensive character evidence. On appeal, this court found error in several evidentiary rulings by the trial judge during sentencing, and additionally considered appellant's contentions that he was prejudiced in a variety of ways involving unlawful command influence. *United States v. Taylor*, 21 M.J. 840 (A.C.M.R.1986).[1] This court set aside the sentence and ordered a limited evidentiary hearing to resolve the issue of whether the appellant was prejudiced as to findings because unlawful command influence on the court members caused them to discount favorable character evidence. We further directed that, in the alternative, if the convening authority determined that such a hearing was im-

practicable, he might set aside the findings of guilty and order a rehearing on the findings and sentence. *Id.* at 844.

On 24 July 1986 the appellant submitted a request for discharge for the good of the service under the provisions of chapter 10, Army Regulation 635–200, Personnel Separations: Enlisted Personnel (5 July 1984). On 19 August 1987 the appellant's present convening authority determined that it was impracticable to hold either a limited evidentiary hearing or a rehearing on the findings and sentence, and he approved appellant's request for discharge. The issuance of an administrative discharge was withheld pending either permission from this court to dismiss the charges or issuance of the discharge by this court.

■■■ This court lacks the authority to issue a Chapter 10 discharge, or any other administrative discharge. Article 66(c), Uniform Code of Military Justice 10 U.S.C. § 866. However, we can clear the way for the issuance of the Chapter 10 discharge by the convening authority. We choose to do so out of fairness to both parties and the need to terminate the appellate processing of this case.

The findings of guilty are also set aside and the record is returned to the appellant's present convening authority. He may order a rehearing on the findings and sentence or otherwise dispose of the charges in such manner as he in his discretion finds warranted, including the issuance of an administrative discharge that is authorized by regulation.

---

* Judge Russell M. King, Jr., took final action in this case prior to his release from active duty.

1. Other issues raised by the appellant were also considered and decided. A detailed discussion

about command influence in the 3d Armored Division may be found in *United States v. Treakle,* 18 M.J. 646 (A.C.M.R.1984).