**UNITED STATES**

v.

**Second Lieutenant Jacqueline Ann
CERNIGLIA, 391–70–9852 FV,
United States Air Force.**

**ACM 28134.**

U.S. Air Force Court of Military Review.

12 Oct. 1990.

Appellate Counsel for the appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni and Captain James C. Sinwell.

Before O'BRIEN, O'HAIR, PRATT and JAMES, Appellate Military Judges.

## DECISION

O'BRIEN, Chief Judge:

Second Lieutenant Jacqueline Ann Cerniglia is a nurse who was assigned to the Air Force Regional Hospital at Eglin AFB, Florida. She reported to the ward, and "from the way she looks," Airman Murray, then a corpsman and now principal prosecution witness, "noticed her very fast." He invited her out, "started to like her in a different way," then "helped her move into her apartment ... and never left." Murray and two of his friends, Airmen Mueller and Raitt, (Now Mr. Murray and Mr. Raitt as a result of their own convictions) testified that Lt. Cerniglia used "crack" cocaine and methylene dioxymethamphetamine (a "designer drug" commonly called "ecstasy") with them on numerous occasions, including a party at appellant's apartment in the summer of 1988.

The defense introduced the testimony of a number of supervisors and co-workers, who testified as to appellant's outstanding abilities as a nurse, how she never exhibited any symptoms of drug use, and to the poor reputation for truth and veracity of

Murray, Mueller, and Raitt. One of these co-workers, a Dr. P., also testified that he was at a party at appellant's apartment in the summer of 1988 and never saw drugs being used. The parties stipulated that appellant submitted to a urinalysis which proved to be negative for cocaine.[1]

Appellant pleaded not guilty but was convicted as charged of use of cocaine (specification 1) and "Ecstasy" (specification 2) both on divers occasions between 1 March and 1 November 1988. The members sentenced her to confinement for 30 days, total forfeitures, and a dismissal. Now, on appeal, appellant complains:

> THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY PERMITTING TRIAL COUNSEL, OVER DEFENSE OBJECTION TO INTRODUCE EXTRINSIC EVIDENCE TO ATTEMPT TO IMPEACH THE CREDIBILITY OF A DEFENSE WITNESS.

I

Dr. P. is the witness in question. He had not only a professional relationship with appellant but also socialized extensively with her and her enlisted friends. On cross-examination, the trial counsel asked the doctor if he had been requested by Ann Raitt to catheterize him to help him "beat" a urinalysis test for cocaine; if he hadn't suggested that Raitt obtain the necessary supplies from appellant; and if he had in fact performed the catheterization. Dr. P. denied having had anything to do with any such transaction but admitted on cross-examination that he was "under the impression that the OSI[2] is spreading rumors that [he is] some kind of big drug kingpin." In rebuttal, trial counsel recalled Raitt who testified that all of this had in fact occurred.

Since the prosecution could not adduce an admission from Dr. P. on cross-examina-tion that he had performed this catheterization, it was forced to recall Raitt for this purpose. Raitt's testimony was, therefore, extrinsic evidence. If the prosecution's ultimate purpose in introducing this evidence was to show that Dr. P. was also lying in his testimony that he had never observed appellant or her friends using drugs, such impeachment is generally prohibited by Mil.R.Evid. 608(b). *United States v. Jones*, 30 M.J. 898 (A.F.C.M.R.1990). Raitt's testimony is admissible however, under Mil.R. Evid. 608(c) because it certainly establishes a "motive to misrepresent" on the part of this physician who was then feeling the hot breath of the OSI on his own neck.

> Although extrinsic evidence of misconduct is not admissible to show a witness' general character for truthfulness, it is admissible to impeach a witness by showing "[b]ias, prejudice, or any [other] motive" of the witness "to misrepresent." Mil.R.Evid. 608(c); *United States v. Banker*, 15 M.J. 207 (C.M.A.1983). *See* Wigmore, *Evidence* sec. 943 (Chadbourn rev. 1970). "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 469, 83 L.Ed.2d 450 (1984).

*United States v. Hunter*, 21 M.J. 240 (C.M.A.1986)

Even if we were to find error, we would find it to have been waived by the appellant's failure to object. R.C.M. 103, *United States v. Taylor*, 21 M.J. 840, 843, n. 5 (A.C.M.R.1986), *pet. denied* 25 M.J. 697.[3] The assignment of error as framed by appellant misapprehends the facts. The defense never did object to the testimony of Raitt in rebuttal. Their only objection was to the earlier cross-examination of Dr. P. concerning Raitt and the alleged catheterization as being "beyond the scope" of their

---

1. The sample was collected on 2 November 1988, the day after the last day of "divers occasions" charged in both specifications.

2. Office of Special Investigations.

3. We find this note worth repeating here. "Counsel at trial must be alert to state their motions, their objections, and the grounds therefor with particularity and to do so in a timely manner. Failure to do so will result in waiver in all but the most unusual situations."

direct examination. We agree with the military judge that these questions were proper.[4]

## II

Appellant invites our attention to the military judge's ruling permitting the prosecution to introduce evidence of the sexual relationship between appellant and former Airman Murray (who was married at that time to someone else).

This is a curious situation, where the prosecution offers evidence of their principal witness' adultery as part of *res gestae*, and the military judge allows it in "on the limited issue of the credibility, the bias and motive of that witness whose credibility is going to be a critical issue in the case."[5] Over defense objection, evidence of misconduct on the part of the government's chief witness (and the appellant) was admitted as bearing on the believability of that witness.

■ While the military judge's ruling was somewhat premature in that no attack had yet been made on Murray's credibility, defense counsel's opening statement promised to prove "that Murray, Mueller and Raitt are liars, unreliable, and that their testimony has no value, and that you need to find this defendant not guilty." The defense redeemed this promise with a vigorous attack on Murray, Mueller and Raitt. In deciding whether or not to believe these three that appellant abused cocaine "on divers occasions" during an 8 month period, the members were entitled to know that the chief prosecution witness was living with the appellant during that period. This was clearly evidence "which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel, supra.*

Appellant's complaint is that she was prejudiced because this evidence "tended to imply that [she] was a bad officer and therefore, probably committed the crime." The military judge, however, carefully instructed the members to the contrary and specifically cautioned them that they could not "conclude from that evidence that the accused is a bad person or has criminal tendencies and that she therefore committed the offense charged." There is absolutely no reason to depart from the time honored maxim that court members are presumed to act in accordance with the instructions of the military judge. *United States v. Ricketts*, 1 M.J. 78 (C.M.A.1975). We find no error prejudicial to appellant's substantial rights.

## III

Appellant contends that that portion of specification 2 which alleges that she used methylene dioxymethamphetamine (ecstasy) before 23 March 1988 does not allege an offense. *United States v. Reichenbach*, 29 M.J. 128 (C.M.A.1989). The government concedes and further recommends that only so much of the specification be approved as finds the appellant guilty of using ecstasy on divers occasions between 1 June and 1 August 1988, to conform to the testimony of Murray, who narrowed his observations of appellant's use of ecstasy to the month of June 1988. Mr. Raitt, however, also testified to appellant's use of the drug but could get no more specific than "the summer of 1988." We therefore see no reason to narrow this specification any further than as suggested by appel-

---

4. Two days before this trial, Raitt incorporated his allegation of his catheterization by Dr. P. in a sworn statement. When the defense complained that they had not been provided a copy despite their request for discovery, trial counsel responded "We do not have to discover matters in rebuttal." Even though the Court of Military Appeals has since put the accuracy of this assertion into serious question, (*See United States v. Trimper*, 28 M.J. 460 (C.M.A.1989)) we find no prejudice here. The prosecution did not deliberately conceal this evidence from the appellant, having only learned about it themselves shortly before trial. Had the government given appellant a copy before the ink was dry, the defense would have received it less than 72 hours earlier than they did. There was no request for a continuance, or other indication that appellant needed more time, or claim that their defense strategy would have been different.

5. The military judge later instructed that the evidence that the accused may have fraternized and had an affair with Murray when he was an enlisted member could also be considered "for its tendency to refute evidence by the defense of the accused's good military character."

lant. The findings of specification 2 are amended to find that appellant wrongfully used methylene dioxymethamphetamine (ecstasy) on divers occasions between 23 March 1988 and 1 November 1988.

## IV

Finally, appellant contends that the evidence is insufficient to convict. We disagree. After an independent evaluation of the entire record, we are convinced beyond a reasonable doubt of the appellant's guilt. We further conclude that the findings and sentence [6] are correct both in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty as modified above, and the sentence are

AFFIRMED.

Judges PRATT and JAMES concur.

Senior Judge O'HAIR did not participate in this decision.

---

6. Our finding that the sentence is appropriate is unaffected by our slight modification of the findings.